**AKERMAN LLP**
ROBERT R. YAP (SBN 263763)
Email: robert.yap@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone:   (213) 688-9500
Facsimile:    (213) 627-6342

**AKERMAN LLP**
DENNIS N. LUECK, JR. (SBN 292414)
Email: dennis.lueck@akerman.com
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:  (303) 260-7714

Attorneys for Defendant
NAVIENT SOLUTIONS, INC.
*erroneously named as "Navient Corporation"*
*and "Sallie Mae Corporation"*

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN G. PETROU, an individual, | Case No.  **'17 CV 0030 BTM JLB** |
| Plaintiff, | [Superior Court of California, San Diego County Case No. 37-2016-00040243-CU-CO-CTL] |
| v. | **DEFENDANT NAVIENT SOLUTIONS, INC. NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, AND 1446** |
| NAVIENT CORPORATION, a Delaware corpoation; SALLIE MAE CORPORATION, a Delaware corporation; SELAINA A. PETROU an individual; and Does 1 through 50, inclusive, | Complaint filed: November 16, 2016 |
| Defendants. | |

///

///

///

///

///

{40373240;4}

1

CASE NO. TBD

**DEFENDANT NAVIENT SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION**

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE HONORABLE COURT, ALL PARTIES HEREIN, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendant Navient Solutions, Inc., *erroneously named as* "Navient Corporation" and "Sallie Mae Corporation" (**NSI**)[1] removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.

## I.

## STATEMENT OF THE CASE

1.     On November 16, 2016, Plaintiff John G. Petrou commenced a civil action in the San Diego County Superior Court styled *Petrou v. Navient Corporation et al.,* Case No. 37-2016-00040243-CU-CO-CTL.

2.     Plaintiff's entire action, and all claims for relief therein, arise from and relate to federal student loans, which Plaintiff admits were obtained in his name in April 2012 pursuant to a Federal Direct PLUS Loan Application and Master Promissory Note. (Complaint, ¶ 9, attached hereto as Exhibit "A.")

## II.

## FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

3.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, which provides:  "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4.     Federally owned and guaranteed student loans are exclusively governed by the Higher Education Act (**HEA**) of 1965, 20 U.S.C. §§ 1070, *et seq*. and the regulations issued by the United States Department of Education.  *See* 34 C.F.R. § 682, *et seq*.

5.     In 1965, Congress passed the HEA in order to "keep the college door open to all students of ability, regardless of socioeconomic background."  *Pelfrey v. Educ.*

---

[1] "Sallie Mae Corporation" is not an entity and does not exist.  Navient Corporation is the corporate parent of Navient Solutions, Inc., formerly known as Sallie Mae, Inc.  Navient Corporation does not engage in the business of student loan origination or servicing.

*Credit Mgmt. Corp.*, 71 F. Supp. 2d 1161, 1163 (N.D. Ala. 1999).  At the time of enactment, the HEA allowed eligible lenders to make federally guaranteed student loans on favorable terms to students or parents to help finance education.  Congress has amended the HEA over the years, and in 2010, the Health Care and Education Reconciliation Act was signed into law, which transitioned all new loans under the William D. Ford Federal Direct Loan Program as of July 1, 2010.  *See* Health Care and Education Reconciliation Act of 2010, Pub. L. No. 111-152; 20 U.S.C. §§ 1087a–1087j.

6.  Direct Loans, including Plaintiff's Federal Direct PLUS loan(s) at issue in this action, are subject to the same terms, conditions, and benefits as Federal Family Education Loan Program (**FFELP**) loans.  20 U.S.C. § 1087e(a)(1) ("Loans made to borrowers under this part shall have the same terms, conditions, and benefits, and be available in the same amounts, as loans made to borrowers, and first disbursed on June 30, 2010, under sections 1078, 1078-2, 1078-3, and 1078-8 of this title"); *see also Hunt v. Sallie Mae, Inc.*, 2014 WL 793075, Case No. 6:13–cv–00500–AA, (D. Or. Feb. 23, 2014).

7.  The HEA and regulations issued by the United States Department of Education provide the exclusive legal remedy for claims relating to federal student loans made thereunder, such as Direct Loans, and completely preempt conflicting State law theories of liability.  Consequently, given that Plaintiff's claims relate to his Federal Direct PLUS loan, they necessarily arise under federal law and are subject to this Court's original jurisdiction.  *See Chae v. SLM Corp.*, 593 F.3d 936 (9th Cir. 2010), cert. denied, 131 S. Ct. 458, 178 L. Ed. 2d 287 (U.S. 2010) (State law claims are preempted by the HEA).  NSI is entitled to remove Plaintiff's action to this Court pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

///

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT NAVIENT SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION**

8.     To the extent Plaintiff's other claims are not preempted by the HEA, this Court has supplemental jurisdiction over these other causes of action pursuant to 28 U.S.C. § 1367(a), which provides:   "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

### III.

### JOINDER BY ALL DEFENDANTS WHO HAVE BEEN SERVED OR APPEARED

9.     "All defendants who have been 'properly ... served in the action' must join a petition for removal."  *Destifino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).  This requirement for consent applies "only to defendants properly joined and served in the action."  *Emrich v. Touche Ross & Co.*, 846 F. 2d 1190, 1193 fn.1 (9th Cir. 1988).  The register of actions maintained by the San Diego County Superior Court does not show that any other defendant has appeared in this action or that Plaintiff has filed any proof of service as to any defendant.  (*See* Exhibit "B" attached hereto.)  In the event another defendant in this action appears or is served, NSI intends to obtain its/her/their joinder and consent to this removal.  *See Destifino*, 630 F.3d at 957 ("[T]he district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants **prior to the entry of judgment**" (emphasis added)).

10.     In addition, only defendants to the removable federal claim are required to join or consent to the removal, while defendants to the non-federal claim do not.  *See Moscovitch v. Danbury Hosp.*, 25 F.Supp.2d 74, 78 (D CT 1999).  To the extent plaintiff's fraud and declaratory relief claims against Defendant Selaina A. Petrou, which are the only causes of action alleged against her, are not preempted by the HEA, Ms. Petrou's joinder and consent to removal are not required.

///

///

///

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT NAVIENT SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION**

## IV.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

11.     Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant…of a copy of the initial pleading…or within thirty days after the service of summons upon the defendant."  This thirty-day period begins to run from when the removing defendant is served and not from when the first defendant is served.  *Destifino*, 630 F.3d at 956.  Plaintiff filed a proof of service alleging he served NSI on December 7, 2016.  (*See* Exhibit "C" attached hereto.)  NSI timely files this notice of removal within thirty days of Plaintiff's purported service.

12.     True and accurate copies of the summons and all process and pleadings received by NSI are attached hereto as Exhibit "D."

13.     Removal of this action to this Court is proper as the San Diego County Superior Court where this action commenced is located within this Court's jurisdiction.

14.     Pursuant to 28 U.S.C. § 1446(d), NSI shall promptly file a notice of its removal of this action with the clerk of the San Diego County Superior Court, and NSI shall promptly serve Plaintiff and any party who has appeared with this notice of removal as well as the notice to be filed in the Superior Court.

## V.

## CONCLUSION

15.     By this notice of removal and the associated attachments, NSI does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action.  NSI does not intend any admission of fact, law or liability by this notice, and expressly reserves all defenses, motions, and/or pleas.

///

///

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1  NSI prays that Plaintiff's action be removed to the United States District Court,

2  that all further proceedings in the California Superior Court be stayed, and that NSI

3  receives all relief to which it is entitled.

4  Dated: January 6, 2017                      **AKERMAN LLP**

5

6  By: /s/ *Robert R. Yap*
        Dennis N. Lueck, Jr.
7        Robert R. Yap
   Attorneys for Defendant
8  NAVIENT SOLUTIONS, INC.
   *erroneously named as "Navient*
9  *Corporation" and "Sallie Mae*
   *Corporation"*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANT NAVIENT SOLUTIONS, INC.'S NOTICE OF REMOVAL OF ACTION**

# EXHIBIT A

1  Ben-Thomas Hamilton (SBN 222601)
   Kristine Steynske (SBN 306622)
2  HAMILTON & McINNIS, L.L.P.
   3110 Camino del Rio South, Suite 203
3  San Diego, California 92108

4  Telephone: (619) 299-4877
   Facsimile:  (619) 299-4787
5
   Attorneys for Plaintiff, JOHN G. PETROU
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF SAN DIEGO – CENTRAL DIVISION**

10

11  JOHN G. PETROU, an individual,          Case No.   37-2016-00040243-CU-CO-CTL

12                Plaintiff,                 **COMPLAINT FOR:**

13          v.                              1)  **FRAUD**
                                            2)  **CANCELLATION/RESCISSION OF**
14                                              **MASTER PROMISSORY NOTE**
    NAVIENT CORPORATION, a Delaware        3)  **VIOLATION OF THE CALIFORNIA**
15  corporation; SALLIE MAE                     **IDENTITY THEFT ACT;**
    CORPORATION, a Delaware corporation;   4)  **VIOLATION OF THE CALIFORNIA**
16  SELAINA A. PETROU an individual; and        **CONSUMER CREDIT REPORTING**
    DOES 1 through 50, inclusive,               **AGENCIES ACT; AND**
17                                          5)  **DECLARATORY RELIEF**
18                Defendants.

19

20

21       **COMES NOW** Plaintiff, JOHN G. PETROU (hereinafter "PLAINTIFF") and alleges against

22  Defendants NAVIENT CORPORATION (hereinafter "NAVIENT"), SALLIE MAE CORPORATION

23  (hereinafter "SALLIE MAE"), SELAINA A. PETROU (hereinafter "SELAINA"), and DOES 1 through

24  50, inclusive, (collectively "DEFENDANTS") as follows:

25  ///

26  ///

27  ///

28  ///

---

Petrou v. Navient, et. al                    1                    Case No.
Complaint

## PRELIMINARY ALLEGATIONS

1.     PLAINTIFF was, and at all times mentioned herein, a resident of the County of San Diego, State of California.

2.     PLAINTIFF is informed and believes and thereon alleges that Defendant NAVIENT is a Delaware corporation doing business in and under the laws of the State of California in the City of San Diego, California with a principal place of business in Wilmington, Delaware.

3.     PLAINTIFF is informed and believes and thereon alleges that Defendant SALLIE MAE is a Delaware corporation doing business in and under the laws of the State of California in the City of San Diego, California with a principal place of business in Newark, Delaware.

4.     PLAINTIFF is informed and believes and thereon alleges that Defendant SELAINA is presently a resident of the County of San Diego, in the State of California.

5.     Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to PLAINTIFF. When the true names and capacities are ascertained, PLAINTIFF will amend this complaint by inserting their true names and capacities herein. PLAINTIFF is informed and believes, and thereon alleges that each of the fictitiously named defendants is liable as hereinafter mentioned.

6.     PLAINTIFF is further informed and believes, and thereon alleges, that each of the defendants is, and at all material times was, the agent, servant, or employee representative, independent contractor, partner, joint venturer, subsidiary, alter ego and/or employee of each or some of the other named defendants, and in doing the acts herein alleged and referred to, was acting within the course and scope of his, her, or its authority as such agent, servant, representative, independent contractor, partner, joint venturer, subsidiary, alter ego and/or employee with the express and/or implied approval, permission, knowledge, consent and ratification of all other named defendants, and in some manner are responsible for the occurrences hereinafter alleged, and such defendants are jointly and severally liable for the injuries and damages hereinafter described.

/ / /

/ / /

/ / /

## **GENERAL ALLEGATIONS**

7.      SELAINA is PLAINTIFF'S daughter.  In 2011, SELAINA began her undergraduate education at American University in Washington D.C.  On or around May 2011, PLAINTIFF told SELAINA, before her curriculum even started, that he could not pay for her tuition or help her with tuition.

8.      On or about April 2012, SELAINA contacted PLAINTIFF by phone and informed him she was applying for and filling out a student loan application for herself.  At that time, SELAINA stated she needed PLAINTIFF'S personal information for her loan because he is her father.  PLAINTIFF confirmed his driver's license number and social security number which he believes SELAINA already had.

9.      On or about April 26, 2012, SELAINA electronically signed PLAINTIFF'S name to a Master Promissory Note for a Federal Direct PLUS Loan. ("hereafter "Master Promissory Note").  (See Exhibit A).  The Master Promissory Note is a loan specifically made for the parents of undergraduate students.  In the Master Promissory Note, SELAINA filled in her father's information and listed herself as the recipient of the loans.  Additionally, SELAINA used her own cell phone number in place of PLAINTIFF'S, ensuring SELAINA, and not PLAINTIFF, was contacted about the Master Promissory Note.

10.     At all times, PLAINTIFF understood and believed SELAINA was applying for a student loan under her own name.  At no time did SELAINA indicate she was applying for a Master Promissory Note under PLAINTIFF'S name.  At no time did PLAINTIFF consent to SELAINA filling out the Master Promissory Note for him or in his name.

11.     On or about April 30, 2012, SALLIE MAE distributed $9,762.00 to American University as a Parent Plus Loan under the Master Promissory Note for the benefit of SELAINA.

12.     PLAINTIFF was unaware at this time that a loan had been taken out in his name.

/ / /

/ / /

/ / /

/ / /

13.     On or about May 2013, SELAINA again contacted PLAINTIFF by phone.  SELAINA was in a panic because her student loan did not fund.  SELAINA stated the Financial Aid Department of American University needed additional paperwork from PLAINTIFF before the loan could be processed.  PLAINTIFF faxed his home loan information to American University as SELAINA requested.

14.     Again, at all times, PLAINTIFF understood and believed SELAINA was applying for a student loan under her own name and that she only needed PLAINTIFF'S information because he is her father and she had referenced him in the application.  At no time did SELAINA indicate she had filled out the Master Promissory Note to apply for loans under PLAINTIFF'S name.  At no time did PLAINTIFF consent to SELAINA filling out the Master Promissory Note for him or in his name.

15.     On or about May 7, 2013, SALLIE MAE distributed $40,253.00 to American University as a Parent Plus Loan under the Master Promissory Note for the benefit of SELAINA.

16.     On or about January 8, 2014, SELAINA attempted to take out a third loan in PLAINTIFF'S name for $13,000.00.  PLAINTIFF was made aware of this loan and immediately called American University to cancel the loan.  This loan was cancelled and never distributed to American University or SELAINA.

17.     On or about December 18, 2014, PLAINTIFF received a letter from NAVIENT, as the loan management subsidiary of SALLIE MAE, regarding payment of the two Parent Plus loans.  PLAINTIFF attempted to contact NAVIENT regarding the Parent Plus Loans to determine how the loans were authorized without his consent.

18.     On our about May 15, 2015, PLAINTIFF sent a letter to NAVIENT disputing the legitimacy of the Master Promissory Note, and requesting the original Master Promissory Note as well as any information pertaining to the execution of the Master Promissory Note.

19.     On or about May 19, 2015, NAVIENT informed PLAINTIFF that before NAVIENT could investigate the legitimacy of the Parent Plus Loans, PLAINTIFF had to fill out an Identity Theft Affidavit and file an Identity Theft Report with the San Diego police department.  Thereafter, PLAINTIFF filed a police report for identity theft.

/ / /

20.     On or about October 5, 2015, PLAINTIFF sent NAVIENT the Identity Theft Affidavit and all related documentation for NAVIENT to open an investigation.

21.     On or about November 12, 2015, NAVIENT sent a letter to PLAINTIFF informing him that NAVIENT could not confirm his claim of identity theft and, therefore, closed the investigation. However, NAVIENT'S investigation only consisted of a few unsuccessful attempts to contact SELAINA. As NAVIENT was unable to contact SELAINA, NAVIENT states PLAINTIFF'S claim of identity theft can not be confirmed.   NAVIENT closed the investigation after only one month and minimal effort.

22.     Despite the foregoing, NAVIENT is now attempting to collect payment on the two Parent Plus Loans from PLAINTIFF in the amount of $50,015.00 before interest.  The first payment is due November 16, 2016.

23.     PLAINTIFF did not apply for the Master Promissory Note, he did not execute the Master Promissory Note, and he did not give SELAINA consent to do so on his behalf.  PLAINTIFF was unaware these loans were being taken out in his name, because SELAINA represented that she was applying for student loans in her name. Now these loans appear on PLAINTIFF'S credit report and will continue to jeopardize PLAINTIFF'S credit rating as he attempts to rectify the situation.

24.     Further, PLAINTIFF has exhausted his internal remedies with NAVIENT to try to resolve this matter.

## FIRST CAUSE OF ACTION

### (Fraud – Against SELAINA and DOES)

25.     PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 24, as though fully set forth herein.

26.     As set forth above, SELAINA willfully and unlawfully used PLAINTIFF'S name, address, driver's license number, and social security number on the Master Promissory Note in order to apply for Parent Plus Loans.

///

///

///

1    27.    SELAINA fraudulently misrepresented to PLAINTIFF that she was filling out student

2    loan applications for herself and only needed PLAINTIFF'S information because he is her father.

3    PLAINTIFF unknowingly gave his daughter information he believed she needed in order for SELAINA

4    to apply for a loan in her name.

5    28.    SELAINA then electronically signed PLAINTIFF'S name on the Master Promissory Note

6    without PLAINTIFF'S knowledge or consent.

7    29.    At no time did SELAINA have PLAINTIFF'S authorization or consent to use his personal

8    identifying information or his signature to obtain these loans.

9    30.    In conducting the aforementioned activity, SELAINA made fraudulent misrepresentations

10   to SALLIE MAE and/or NAVIENT, namely, forging PLAINTIFF'S electronic signature on the Master

11   Promissory Note regarding her reason for needing PLAINTIFF'S information.   The identity theft

12   protections put in place by SALLIE MAE and/or NAVIENT, if any, to verify electronic signatures was

13   clearly substandard.

14   31.    In conducting the aforementioned activity, SELAINA made fraudulent misrepresentations

15   to PLAINTIFF and attempted to illegally enter into a contract with SALLIE MAE and/or NAVIENT on

16   behalf of PLAINTIFF.

17   32.    As a result of the actions of SELAINA, the total amount of loans fraudulently taken out

18   in PLAINTIFF'S name is $50,015.00 before interest.

19   33.    As a result of the actions of SELAINA, PLAINTIFF has been damaged in the sum of

20   $50,015.00, plus interest, the exact amount to be determined at the time of trial.

21   34.    The aforementioned conduct of SELAINA was an intentional misrepresentation, deceit,

22   and/or concealment of material facts known made with the intention on the part of SELAINA of

23   depriving PLAINTIFF of property and legal rights or otherwise causing injury, and was despicable

24   conduct that subjected PLAINTIFF to a cruel and unjust hardship in conscious disregard of

25   PLAINTIFF'S rights, so as to justify and award of exemplary and/or punitive damages.

26   ///

27   ///

28   ///

Petrou v. Navient, et. al                                                    Case No.
Complaint                                    6

## SECOND CAUSE OF ACTION

### (Cancellation/Rescission of the Parent Plus Loans

### Against SALLIE MAE, NAVIENT and DOES)

35.     PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 34, as though fully set forth herein.

36.     As set forth above, on or about April 2012, SELAINA misrepresented her intention of applying for a student loan.  Thereafter, she obtained PLAINTIFF'S personal identifying information, including his driver's licence number and social security number, in order to complete a Master Promissory Note in PLAINTIFF'S name.

37.     On or about April 26, 2012, SELAINA executed, through a forged electronic signature, the Master Promissory Note without PLAINTIFF'S knowledge or consent.  As a result, two Parent Plus loans were obtained in the total amount of $50,015.00 in PLAINTIFF'S name.

38.     The Master Promissory Note is invalid because it is admittedly premised on a transaction with PLAINTIFF that does not exist.  The Master Promissory Note specifically states it is for obtaining one or more Federal Direct PLUS loans as the parent of an undergraduate.  As set forth herein, PLAINTIFF has not agreed to perform anything in relation to the Master Promissory Note and is not a party to the Master Promissory Note.  At all times he believed the information he was providing to SELAINA was so she could apply for a student loan in her name which she would be solely responsible for paying back.

39.     Given the above, PLAINTIFF is entitled to rescission and/or cancellation of the Master Promissory Note and an order from this Court nullifying and voiding the Master Promissory Note and any right of SALLIE MAE and/or NAVIENT on collection of the loan.

## THIRD CAUSE OF ACTION

### (Violation of the California Identity Theft Act

### Against SALLIE MAE, NAVIENT and DOES)

40.     PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 39, as though fully set forth herein.

/ / /

41.    As set forth above, SELAINA willfully and unlawfully used PLAINTIFF'S name, address, driver's license number, and social security number to apply for and receive two Parent Plus Loans which were put toward SELAINA'S college tuition.  SELAINA also electronically signed PLAINTIFF'S name on the Master Promissory Note in order to obtain these loans.  At no time did SELAINA have PLAINTIFF'S authorization or consent to use PLAINTIFF'S personal identifying information or his signature to obtain these loans.  As such, PLAINTIFF is a victim of identity theft perpetrated by SELAINA.

42.    SELAINA intentionally used her own cell phone number on the Master Promissory Note instead of PLAINTIFF'S phone number, thereby ensuring any inquiries were directed to her.  At all times, PLAINTIFF understood and believed SELAINA was applying for a student loan under her own name and that she only needed PLAINTIFF'S information because he is her father and she had referenced him in the application.

43.    NAVIENT, as a claimant, purports to have a claim for the money owed on these student loans as the subsidiary of SALLIE MAE through which the Parent Plus Loans were made.  On or about November 12, 2015, NAVIENT stated in a letter to PLAINTIFF that the investigation of PLAINTIFF'S claim of identity theft was closed because NAVIENT could not confirm PLAINTIFF'S claim.  As such, NAVIENT stated it would continue to consider PLAINTIFF responsible for the loan and pursue collection.  NAVIENT has since sent PLAINTIFF updated statements regarding payment.

44.    Pursuant to California Civil Code § 1798.93(a) "a person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person."

45.    Given the above, PLAINTIFF, as a victim of identity theft, and as such, is entitled to a declaration that he is not obligated to NAVIENT and/or SALLIE MAE on its claim for repayment of the Parent Plus Loans pursuant to California Civil Code § 1798.93(c)(1).

46.    Given the above, PLAINTIFF is entitled to an injunction restraining NAVIENT and/or SALLIE MAE from collection or attempting to collect from PLAINTIFF pursuant to California Civil Code § 1798.93(c)(3).

/ / /

47.    Given the above, PLAINTIFF has incurred actual damages, attorneys' fees and costs, and will continue to do so, the exact amount to be determined at the time of trial.

48.    Further, NAVIENT was notified by PLAINTIFF on October 5, 2015, of the identity theft. PLAINTIFF also provided NAVIENT with a copy of the identity theft report filled out by the San Diego Police Department.  However, after only one month of investigation consisting of only a few attempts to contact SELAINA, NAVIENT informed PLAINTIFF the claim of identity theft cannot be confirmed. No additional actions were taken and no additional facts were discovered by NAVIENT in that month. Thereafter, the investigation was promptly closed.

49.    As such, NAVIENT failed to diligently investigate PLAINTIFF'S claim of identity theft and continues to pursue PLAINTIFF for the first payment due November 16, 2016.  By reason of the aforementioned conduct, PLAINTIFF is entitled to damages as a civil penalty of up to $30,000.00, the exact amount to be determined at the time of trial pursuant to California Civil Code § 1798.93(c)(6).

## FOURTH CAUSE OF ACTION

### (Violation of the California Consumer Credit Reporting Agencies Act

### Against NAVIENT, SALLIE MAE and DOES)

50.    PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 49, as though fully set forth herein.

51.    Pursuant to California Civil Code § 1785.25(a) "a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." This places a responsibility on the furnisher, NAVIENT, to reasonably investigate disputed information. The California Consumer Credit Reporting Agencies Act ("CCRAA") is substantially based on the Federal Fair Credit Reporting Act ("FCRA") and, as such, the federal provisions are given substantial weight in interpreting the California provisions. (*Olson v. Six Rivers Nat'l Bank* (2003) 111 Cal.App.4th 1, 3). Further, Courts have recognized that section 1785.25(a) is the only substantive provision under the CCRAA that is saved from preemption by the Fair Credit Reporting Act. (*Carvalho v. Equifax Information Services, LLC* (2010) 629 F.3d 876, 889). Under the FCRA, a furnisher must conduct a reasonable investigation with respect to disputed information, review all the relevant information provided, and correct any inaccuracies. (*Nelson v.*

1   *Chase Manhattan Mortg. Corp.* (9th Cir. 2002) 282 F.3d 1057,1059). As set forth above, NAVIENT

2   has failed to conduct a reasonable investigation.

3       52.     SELAINA willfully and unlawfully used PLAINTIFF'S personal identifying information

4   and electric signature to procure loans through SALLIE MAE. At no time did SELAINA have

5   PLAINTIFF'S authorization or consent to use PLAINTIFF'S personal identifying information or his

6   signature to obtain these loans. As such, PLAINTIFF is a victim of identity theft perpetrated by

7   SELAINA.

8       53.     On or about May 15, 2015, PLAINTIFF contacted NAVIENT to inform them that

9   PLAINTIFF did not sign the Master Promissory Note, nor did PLAINTIFF authorize or consent for

10   SELAINA to sign on his behalf.

11       54.     On or about October 5, 2015 PLAINTIFF provided NAVIENT with all of the required

12   documentation needed to investigate the claim of identity theft, including his detailed declaration and

13   the identity theft report filled out by the San Diego Police Department.

14       55.     On or about November 12, 2015 NAVIENT informed PLAINTIFF that the claim of

15   identity theft could not be confirmed and, therefore NAVIENT was closing the investigation. However,

16   NAVIENT'S investigation lasted only one month and only included a few attempts to contact

17   SELAINA. No additional actions were taken and no additional facts were discovered by NAVIENT in

18   that month. Not surprising, as the alleged perpetrator of the identity theft, SELAINA made no effort to

19   speak to NAVIENT about the loans. Despite being unable to confirm the validity of the Master

20   Promissory Note or discovery any facts that would refute PLAINTIFF'S allegations made in his Identity

21   Theft Affidavit, NAVIENT closed the investigation. NAVIENT did not reasonably investigate

22   PLAINTIFF'S allegations of identity theft.

23       56.     Given the above, PLAINTIFF is entitled to an injunction restraining NAVIENT and/or

24   SALLIE MAE from collection or attempting to collect from PLAINTIFF.

25       57.     Given the above, PLAINTIFF has been damaged in the sum of $50,015.00, plus interest,

26   the exact amount to be determined at the time of trial.

27       58.     Given the above, PLAINTIFF has incurred attorneys' fees and costs, and will continue

28   to do so, the exact amount to be determined at the time of trial.

### FIFTH CAUSE OF ACTION

#### (Declaratory Relief – Against all DEFENDANTS)

59.     PLAINTIFF hereby re-alleges and incorporates herein by this reference, paragraphs 1 through 58, as though fully set forth herein.

60.     An actual controversy has arisen and now exists between PLAINTIFF and DEFENDANTS relating to the unlawful execution of a Master Promissory Note on April 26, 2012, the issuance by SALLIE MAE of two Parent Plus Loans on April 30, 2012 and May 7, 2013 for the benefit of SELAINA, the failure of NAVIENT to diligently investigate the claim of identity theft, and NAVIENT'S continued pursuit of the claim against PLAINTIFF for repayment of the loans.

61.     PLAINTIFF desires a judicial determination as to the aforementioned issues.

62.     These declarations are necessary and appropriate at this time so PLAINTIFF may ascertain his rights and duties with respect to DEFENDANTS and determine whether DEFENDANTS must pay for PLAINTIFF'S losses as described herein.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays as follows:

**FIRST CAUSE OF ACTION (Fraud)**

1.     For damages of $50,015.00, plus interest, the exact amount to be determined at the time of trial;

2.     For punitive damages, the exact amount to be determined at the time of trial;

3.     For costs of suit herein incurred; and

4.     For such other and further relief as the Court may deem proper.

**SECOND CAUSE OF ACTION (Cancellation/Rescission of the Parent Plus Loans)**

1.     For an order and judgment by this Court that the Master Promissory Note be void and must be delivered and cancelled;

2.     For an order and judgment by this Court that the Master Promissory Note be rescinded;

3.     For attorneys' fees incurred herein;

4.     For costs of suit incurred herein; and

5.     For such other and further relief as this Court may deem proper.

**THIRD CAUSE OF ACTION (Violation of the California Identity Theft Act)**

    1.    For a declaration by this Court that PLAINTIFF is not obligated to DEFENDANTS for repayment of the Parent Plus Loans;

    2.    For an injunction restraining NAVIENT and/or SALLIE MAE from collection or attempting to collect on the loans from PLAINTIFF;

    3.    For damages of up to $30,000.00, the exact amount to be determined at the time of trial;

    4.    For costs of suit herein incurred;

    5.    For reasonable attorneys' fees; and

    6.    For such other and further relief as the Court may deem proper.

**FOURTH CAUSE OF ACTION (Violation of the California Consumer Credit Reporting Agencies Act)**

    1.    For an injunction restraining NAVIENT and/or SALLIE MAE from collection or attempting to collect on the loans from PLAINTIFF;

    2.    For damages of $50,015.00, plus interest, the exact amount to be determined at the time of trial;

    3.    For costs of suit herein incurred;

    4.    For reasonable attorneys' fees; and

    5.    For such other and further relief as the Court may deem proper.

///
///
///
///
///
///
///
///
///
///

**FIFTH CAUSE OF ACTION (Declaratory Relief):**

1. That this Court determine the Master Promissory Note was fraudulently executed;

2. That this Court determine the Master Promissory Note is void and must be delivered and cancelled;

3. That this Court determine that PLAINTIFF is not obligated to DEFENDANTS for repayment of the Parent Plus Loans;

4. That this Court determine NAVIENT and/or SALLIE MAE is estopped from collection or attempting to collect on the loans from PLAINTIFF;

5. For costs of the suit herein incurred;

6. For reasonable attorney's fees; and

7. For such other and further relief as this Court may deem proper

Dated: November 16, 2016

HAMILTON & MCINNIS, L.L.P.

By: _____

Ben-Thomas Hamilton, Attorneys for
Plaintiff, JOHN G. PETROU

K:\Clients\Petrou\Pleadings\Complaint.wpd

# EXHIBIT A

# Direct Loans

## Federal Direct PLUS Loan
### Application and Master Promissory Note
### William D. Ford Federal Direct Loan Program

Warning: Any person who knowingly makes a false statement or misrepresentation on this form or any accompanying document is subject to penalties that may include fines, imprisonment, or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

OMB No. 1845-0068
Form Approved
Exp Date 11/30/2013

**SECTION A: BORROWER INFORMATION - TO BE COMPLETED BY ALL BORROWERS. READ THE INSTRUCTIONS IN SECTION G BEFORE COMPLETING THIS SECTION.**

**CHECK ONE - I am a: [ ] Graduate or Professional Student    [X] Parent of a Dependent Undergraduate Student**

| 1. Driver's License State and No. | 2. Social Security No. | 3. Date of Birth (mm-dd-yyyy) |
|---|---|---|
| CA        22016339 | 552339479 | 12/08/1966 |

4. E-mail Address (optional)
johnpetrou777@hotmail.com

6. Area Code/Telephone No.  7602227094

5. Name and Permanent Address (see instructions)

PETROU , JOHN G
6067 CASTLETON DRIVE
SAN DIEGO  CA 92117
UNITED STATES

7 Citizenship Status (to be completed by parent borrowers only – check one)

(1) [ X ] U.S. Citizen or National

(2) [ ] Permanent Resident/Other Eligible Non-Citizen
If (2), Alien Registration No.

| 8. Employer's Name and Address | 9. Work Area Code/Telephone No. |
|---|---|
| Scripps Hospital<br>354 Santa Fe Drive<br>Encinitas , CA  92024  UNITED STATES | 7602227094 |

10. References: List two persons with different U.S. addresses who do not live with you and who have known you for at least three years. If you are a parent borrower, do not list the student.

| | 1. | 2. |
|---|---|---|
| Name | Christine Petrou | Sandrina Phillipe |
| Permanent Street Address | 116 5th street | 6067 Castleton Drive |
| City, State, Zip Code | Encinitas , CA  92024  UNITED STATES | San Diego , CA  92117  UNITED STATES |
| E-Mail Address (optional) | aslaine.p@gmail.com | |
| Area Code/Telephone No | 7602227094 | 8582451571 |
| Relationship to Borrower | MOTHER | Wife |

**SECTION B: SCHOOL INFORMATION - TO BE COMPLETED BY THE SCHOOL**

| 11. School Name and Address | 12. School Code/Branch | 13. Identification No. |
|---|---|---|
| AMERICAN UNIVERSITY<br>4400 MASSACHUSETTS AVENUE NW<br>WASHINGTON , DC  200160020 | G01434 | 626686844N13G01434999 |

**SECTION C: DEPENDENT UNDERGRADUATE STUDENT INFORMATION - TO BE COMPLETED BY PARENT BORROWERS ONLY**

| 14. Dependent Undergraduate Student's Name (last, first, middle initial) | 15. Social Security No. | 16. Date of Birth (mm-dd-yyyy) |
|---|---|---|
| Petrou , Salaina A | 626686844 | 02/20/1993 |

**SECTION D: BORROWER REQUEST, CERTIFICATIONS, AUTHORIZATIONS, AND UNDERSTANDINGS - ALL BORROWERS READ CAREFULLY BEFORE SIGNING BELOW**

17. This is an Application and Master Promissory Note (MPN) for one or more Federal Direct PLUS (Direct PLUS) Loans I request a Direct PLUS Loan under this MPN in an amount not to exceed my or (if I am a parent borrower) the student's annual cost of attendance, minus other financial aid received for each academic year. For each loan, the school will notify me of the loan amount that I am eligible to borrow  I may cancel a loan or request a lower amount by contacting the school  Additional information about my right to cancel a loan or request a lower amount is included in the Borrower's Rights and Responsibilities Statement and in the disclosure statements that will be provided to me. If I have an adverse credit history and obtain an endorser so that I may receive a Direct PLUS Loan, only one loan may be made to me under this MPN.

18. Under penalty of perjury, I certify that

A. The information I have provided on this MPN and as updated by me from time to time is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

B. I am (1) a graduate or professional student, (2) the biological or adoptive parent of the student identified in Section C, or (3) the spouse of the parent and my income and assets were reported on the Free Application for Federal Student Aid (FAFSA), or would be reported if a FAFSA were filed.

C. The proceeds of loans made under this MPN will be used for authorized educational expenses incurred by me or, if I am a parent borrower, by the student, I will immediately repay any loan proceeds that cannot be attributed to educational expenses for attendance on at least a half-time basis at the school that certified my loan eligibility

D. If I owe an overpayment on a Federal Perkins Loan, Federal Pell Grant, Federal Supplemental Educational Opportunity Grant, Academic Competitiveness Grant (ACG), National Science and Mathematics Access to Retain Talent (SMART) Grant, or Leveraging Educational Assistance Partnership Grant, I have made satisfactory arrangements to repay the amount owed

E. If I am in default on any loan received under the Federal Perkins Loan Program (including National Direct Student Loans), the William D Ford Federal Direct Loan (Direct Loan) Program, or the Federal Family Education Loan (FFEL) Program, I have made satisfactory repayment arrangements with the holder to repay the amount owed

F. If I have been convicted of, or pleaded nolo contendere (no contest) or guilty to, a crime involving fraud in obtaining funds under Title IV of the Higher Education Act of 1965, as amended (HEA), I have completed the repayment of the funds to the U.S. Department of Education (ED) or to the loan holder in the case of a Title IV federal student loan. If I cannot apply for a Direct

PLUS Loan for a dependent undergraduate student, and if an/that student has been convicted of, or pled nolo contendere or guilty to, a crime involving fraud in obtaining funds under Title IV of the HEA, the student has completed the repayment of the funds to ED, or to the loan holder in the case of a Title IV federal student loan.

19. For each Direct PLUS Loan I receive under this MPN, I make the following authorizations:

A. I authorize the school to certify my eligibility for the loan

B. For each loan that I receive under this MPN, I authorize ED to investigate my credit record and report information about my loan status to persons and organizations permitted by law to receive that information.

C. I authorize the school to credit my loan proceeds to my account at the school if I am a graduate or professional student borrower or to the student's account at the school if I am a parent borrower

D. I authorize the school to pay to ED any refund that may be due up to the full amount of the loan

E. Unless I notify ED differently, I authorize ED to defer repayment of principal on my loan if I enroll at least half time at an eligible school and, if I am a graduate or professional student, for the 6-month period after I cease to be enrolled at least half-time.

F. I authorize the school and ED to release information about my loan to the references on the loan and to members of my immediate family, unless I submit written directions otherwise.

G. I authorize the school, ED, and their agents to release information about my loan to each other

H. I authorize my schools, ED, and their servicing agents and contractors to contact me regarding my loan request or my loan, including repayment of my loan, at the current or any future number that I provide for my cellular telephone or other wireless device using automated dialing equipment or artificial or prerecorded voice or text messages.

20. I will be given the opportunity to pay the interest that accrues during deferment, forbearance, and other periods as provided under the Act ("the Act" as defined in Section F under Governing Law), including during in-school deferment periods. Unless I pay the interest, I understand that ED may add unpaid interest that accrues on each loan made under this MPN to the principal balance of that loan (this is called "capitalization") at the end of the deferment, forbearance, or other period. Capitalization will increase the principal balance on my loan and the total amount of interest I must pay.

21. I understand that ED has the authority to verify information reported on this MPN with other federal agencies.

**SECTION E: PROMISE TO PAY - TO BE COMPLETED BY ALL BORROWERS**

22. I promise to pay to ED all loan amounts disbursed under the terms of this MPN, plus interest and other charges and fees that may become due as provided in this MPN. I understand that, if I qualify, more than one loan may be made to me under this MPN for myself or (if I am a parent borrower) for the student identified in Section D. I understand that by signing this MPN, I agree to repay the loan associated with that disbursement, I understand that, within certain timeframes, I may cancel or reduce the amount of a loan by refusing to accept or by returning all or a portion of any disbursement that is issued. Unless I make interest payments, interest that accrues on my loan during deferment, forbearance, or other periods will be added to the principal balance of the loan as provided under the Act. If I do not make a payment on a loan made under this MPN when it is due, I will also pay reasonable collection costs, including but not limited to attorney fees, court costs, and other fees. I will not sign this MPN before reading the entire MPN, even if I am told not to read it, or told that I am not required to read it. I am entitled to an exact copy of this MPN and the Borrower's Rights and Responsibilities Statement. My signature certifies that I have read, understand, and agree to the terms and conditions of this MPN, including the Borrower Request, Certifications, Authorizations, and Understandings in Section D, the Notice About Subsequent Loans Made Under this MPN in Section F, and the terms and conditions described in Section F of this MPN and in the Borrower's Rights and Responsibilities Statement.

**I UNDERSTAND THAT I MAY RECEIVE ONE OR MORE LOANS UNDER THIS MPN, AND THAT I MUST REPAY ALL LOANS THAT I RECEIVE UNDER THIS MPN.**

| 23. Borrower's Signature  John G Petrou | 24. Today's Date (mm-dd-yyyy)  04/26/2012 |
|---|---|

# Direct PLUS Loan MPN (continued)

## SECTION F: MPN TERMS AND CONDITIONS

### GOVERNING LAW

The terms of this Application and Master Promissory Note (MPN) will be interpreted in accordance with the Higher Education Act of 1985, as amended (20 U.S.C. 1070 et seq.), the U.S. Department of Education's (ED's) regulations, as they may be amended in accordance with their effective date, and other applicable federal laws and regulations (collectively referred to as the "Act"). Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this MPN.

### DISCLOSURE OF LOAN TERMS

This MPN applies to Federal Direct PLUS (Direct PLUS) Loans. Under this MPN, the principal amount that I owe, and am required to repay, will be the sum of all disbursements that are made (unless I reduce or cancel any disbursements as explained below under Loan Cancellation), plus any unpaid interest that is capitalized and added to the principal amount.

At or before the time of the first disbursement of each loan, a disclosure statement will be sent to me identifying the amount of the loan and additional terms of the loan. Important additional information is also contained in the Borrower's Rights and Responsibilities Statement accompanying this MPN. The Borrower's Rights and Responsibilities Statement and any disclosure statement I receive in connection with any loan under this MPN are hereby incorporated into this MPN.

I may request additional loan funds to pay for my or the student's educational costs by contacting the school's financial aid office. The school will determine if I am eligible for any additional loan funds. I will be notified of any increase or other change in the amount of my loan.

I understand that each loan made under this MPN is separately enforceable based on a true and exact copy of this MPN. I understand that ED may use a servicer to handle billing and other communications related to my loan.

### LOAN CANCELLATION

I may pay back all or part of a disbursement within the timeframes set by the Act, as explained in the Borrower's Rights and Responsibilities Statement and in a disclosure statement that I will receive. If I return the full loan amount within those timeframes, I will not incur any loan fee or interest charges. If I return part of a disbursement within those timeframes, the loan fee and interest charges will be reduced in proportion to the amount returned.

### INTEREST

Unless ED notifies me in writing of a lower rate, the interest rate for any loan I receive under this MPN is 7.9%.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement until the loan is paid in full. This includes interest that accrues during deferment, forbearance, or other periods. I agree to pay all interest charges on my loan. I will be given the opportunity to pay the interest that accrues during a period of authorized deferment or forbearance. If I do not pay the interest that accrues, I understand that ED may capitalize the interest at the end of the deferment or forbearance, as provided under the Act.

### LOAN FEE

A loan fee of 4% is charged for each Direct PLUS Loan as provided by the Act, and will be deducted proportionately from each disbursement of each of my loans. The loan fee will be shown on disclosure statements that will be issued to me. I understand the loan fee may be refundable only as permitted by the Act.

### LATE CHARGES AND COLLECTION COSTS

ED may collect from me: (1) a late charge of not more than six cents for each dollar of each late payment if I fail to make any part of a required installment payment within 30 days after it becomes due, and (2) any other charges and fees that are permitted by the Act related to the collection of my loans. If I default on my loans, I will pay reasonable collection costs, plus court costs and attorney fees.

### REPAYMENT

I must repay the full amount of the loans made under this MPN, plus accrued interest. I will repay each loan in monthly installments during a repayment period that begins on the day of the final disbursement of that loan. Payments made by me or on my behalf will be applied first to late charges and collection costs that are due, then to interest that has not been paid, and finally to the principal amount of the loan, except during periods of repayment under an Income-Based Repayment Plan, when payments will be applied first to interest that is due, then to fees that are due, and then to the principal amount.

ED will provide me with a choice of repayment plans. Information on these repayment plans is included in the Borrower's Rights and Responsibilities Statement.

ED will provide me with a repayment schedule that identifies my payment amounts and due dates. If I am unable to make my scheduled loan payments, ED may allow me to temporarily stop making payments, reduce my payment amount, or extend the time for making payments, as long as I intend to repay my loan. Allowing me to temporarily delay or reduce loan payments is called forbearance.

ED may adjust payment dates on my loans or may grant me forbearance to eliminate a delinquency that remains even though I am making scheduled installment payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, ED will determine how to apply the prepayment in accordance with the Act. After I have repaid in full a loan made under this MPN, ED will send me a notice telling me that I have paid off my loan.

### ACCELERATION AND DEFAULT

At ED's option, the entire unpaid balance of a loan made under this MPN will become immediately due and payable (this is called "acceleration") if any one of the following events occurs: (1) I (or the student) do not enroll as at least a half-time student at the school that certified my loan eligibility; (2) I do not use the proceeds of the loan solely for my or the student's educational expenses; (3) I make a false representation that results in my receiving a loan for which I am not eligible; or (4) I default on the loan.

The following events will constitute a default on my loan: (1) I do not pay the entire unpaid balance of the loan after ED has exercised its option under items (1), (2), and (3) in the preceding paragraph; (2) I do not make installment payments when due, provided

my failure has persisted for at least 270 days; or (3) I do not comply with other terms of the loan, and ED reasonably concludes that I no longer intend to honor my repayment obligation. If I default, ED may capitalize all outstanding interest, increasing the principal balance, and the full amount of the loan, including the new principal balance and collection costs, will become immediately due and payable.

If I default, the default will be reported to national consumer reporting agencies and will significantly and adversely affect my credit history. I understand that a default will have additional adverse consequences to me as disclosed in the Borrower's Rights and Responsibilities Statement. Following default, I may be required to repay the loan (including potential collection of amounts in excess of the principal and interest) under the Income-Based repayment plan or Income contingent repayment plan in accordance with the Act.

### LEGAL NOTICES

Any notice required to be given to me will be effective if sent by first class mail to the most recent address ED has for me, by electronic means to an address I have provided, or by any other method of notification permitted or required by applicable statute or regulation. I will immediately notify ED of a change of contact information or status as specified in the Borrower's Rights and Responsibilities Statement.

If ED fails to enforce or insist on compliance with any term of this MPN, this does not waive any right of ED. No provision of this MPN may be modified or waived except in writing by ED. If any provision of this MPN is determined to be unenforceable, the remaining provisions will remain in force.

Information about my loans will be submitted to the National Student Loan Data System (NSLDS). Information in NSLDS is accessible to schools, lenders, and guarantors for specific purposes as authorized by ED.

---

**NOTICE ABOUT SUBSEQUENT LOANS MADE UNDER THIS MPN**

This MPN authorizes ED to disburse multiple loans to me to pay my educational expenses or, if I am a parent borrower, the educational expenses of the student identified in Section C during the multi-year term of this MPN, upon my request and upon the school's annual certification of my loan eligibility. If I have an adverse credit history and obtain an endorser to receive a Direct PLUS Loan, only one loan may be made under this MPN.

At schools that are authorized to use the multi-year feature of the MPN and choose to do so, subsequent loans may be made under this MPN for subsequent academic years. At any school, subsequent loans may be made under this MPN for the same academic year.

I understand that no subsequent loans will be made under this MPN after the earliest of the following dates: (1) the date ED or the school receives my written notice that no further loans may be made; (2) one year after the date I sign the MPN or the date ED receives the MPN if no disbursements are made under the MPN, or (3) ten years after the date I sign the MPN or the date ED receives the MPN.

Any change to the Act applies to loans in accordance with the effective date of the change.

# Direct PLUS Loan MPN (continued)

## SECTION G. INSTRUCTIONS FOR COMPLETING THE MPN

This is a Master Promissory Note (MPN) under which you may receive multiple Direct PLUS Loans for yourself or for the dependent undergraduate student identified in Section C over a maximum ten-year periods. ("Dependent" is defined in the Act and is different from the definition used by the Internal Revenue Service.)

ED will perform a credit check with a national consumer reporting agency before approving each loan. If you have an adverse credit history, you may not borrow a Direct PLUS Loan unless you (1) document to ED's satisfaction that there are extenuating circumstances related to the adverse credit history, or (2) obtain an endorser who does not have an adverse credit history. An endorser is someone who agrees to repay the loan if you do not do so. If you are a parent borrower, the endorser may not be the student for whom you are borrowing the loan.

Print using a blue or black ink ballpoint pen or type. Do not use pencil. Report all dates as month-day-year (mm-dd-yyyy). Use only numbers. Example: June 24, 1982 = 06-24-1982.

Some of the items in Sections A and C may have been completed for you. If so, review these items carefully to make sure that the information is correct. Cross out any information that is incorrect and enter the correct information. Put your initials next to any information that you change.

### SECTION A. BORROWER INFORMATION

IMPORTANT: Check the appropriate box to indicate whether you are a Graduate or Professional Student or a Parent of a Dependent Undergraduate Student before completing the Borrower Information section.

Item 1. Enter the two-letter abbreviation for the state that issued your current driver's license, followed by your driver's license number. If you do not have a driver's license, enter N/A.

Item 2. Enter your nine-digit Social Security Number.

Item 3. Enter your date of birth.

Item 4. Enter your preferred e-mail address for receiving communications. You are not required to provide this information. If you do, we may use your e-mail address to communicate with you. If you do not have an e-mail address or do not wish to provide one, enter N/A.

Item 5. Enter your last name, then your first name and middle initial. Enter your permanent address (number, street, apartment number, or rural route number and box number, then city, state, zip code). If your mailing address is a post office box or general delivery, you must list both your street address and your mailing address. If you do not have a permanent street address or rural route number and box number, provide the physical location of your residence. A temporary school address is not acceptable.

Item 6. Enter the area code and telephone number at which you can most easily be reached. (Do not list your work telephone number here.) If you do not have a telephone, enter N/A.

Item 7. Complete this item only if you are a parent borrower. Place a check in the box that corresponds to your citizenship status. If you check box (2), enter your Alien Registration Number.

(1) "U.S. Citizen" includes citizens of the 50 states, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, Guam, and the Northern Mariana Islands. "National" includes not only all U.S. citizens, but also citizens of American Samoa and Swan's Island.

(2) "Permanent Resident" means someone who can provide documentation of this status from the U.S. Citizenship and Immigration Services (USCIS). "Other Eligible Non-Citizen" includes individuals who can provide documentation from the USCIS that they are in the United States for a purpose that is not temporary, with the intention of becoming a citizen or permanent resident. This category includes refugees, persons granted asylum, Cuban-Haitian entrants, temporary residents under the Immigration Reform and Control Act of 1986, and others.

NOTE: If your citizenship status is not one of the categories described above, you are not eligible to receive a Direct PLUS Loan.

Item 8. Enter your employer's name and address (street, city, state, zip code). If you are self-employed, enter the name and address of your business. If you are not employed, enter N/A.

Item 9. Enter your work area code and telephone number. If you are self-employed, enter the area code and telephone number of your business.

Item 10. Enter the requested information for two adults with different U.S. addresses who do not live with you and who have known you for at least three years. If you are a parent borrower, do not list the student for whom you are borrowing as a reference. References who live outside the United States are not acceptable. If a reference does not have a telephone number or e-mail address, or does not wish to provide an e-mail address, enter N/A. If you provide an e-mail address for a reference, ED may use it to communicate with that reference.

### SECTION B. SCHOOL INFORMATION

This section will be completed by the school that certifies your loan eligibility.

### SECTION C. DEPENDENT UNDERGRADUATE STUDENT INFORMATION

Complete this section only if you are a parent borrowing for a dependent undergraduate student.

Item 14. Enter the student's last name, then first name and middle initial.

Item 15. Enter the student's nine-digit Social Security Number.

Item 16. Enter the student's date of birth.

### SECTION D. BORROWER REQUEST, CERTIFICATIONS, AUTHORIZATIONS, AND UNDERSTANDINGS

Items 17, 18, 19, 20, and 21. Read these items carefully.

### SECTION E. PROMISE TO PAY

Item 22. Read this item carefully.

Items 23 and 24. Sign your full legal name, in blue or black ink, and enter the date you signed this MPN.

By signing this MPN, you:

(1) Acknowledge that you have read, understand, and agree to the terms and conditions of the MPN, including the Borrower Request, Certifications, Authorizations, and Understandings in Section D and the accompanying Borrower's Rights and Responsibilities Statement.

(2) Agree to repay in full all loans made under this MPN according to the terms and conditions of the MPN.

# Direct PLUS Loan MPN (continued)

## SECTION II. IMPORTANT NOTICES

### GRAMM-LEACH-BLILEY ACT NOTICE

In 1999, Congress enacted the Gramm-Leach-Bliley Act (Public Law 106-102). This Act requires that lenders provide certain information to their customers regarding the collection and use of nonpublic personal information.

We disclose nonpublic personal information to third parties only as necessary to process and service your loan and as permitted by the Privacy Act of 1974. See the Privacy Act Notice below. We do not sell or otherwise make available any information about you to any third parties for marketing purposes.

We protect the security and confidentiality of nonpublic personal information by implementing the following policies and practices. All physical access to the sites where nonpublic personal information is maintained is controlled and monitored by security personnel. Our computer systems offer a high degree of resistance to tampering and circumvention. These systems limit data access to our staff and contract staff on a "need-to-know" basis, and control individual users' ability to access and alter records within the systems. All users of these systems are given a unique user ID with personal identifiers. All interactions by individual users with the systems are recorded.

### PRIVACY ACT NOTICE

The Privacy Act of 1974 (5 U.S.C. 552a) requires that the following notice be provided to you:

The authority for collecting the requested information from and about you is §451 et seq. of the Higher Education Act (HEA) of 1965, as amended (20 U.S.C. 1087a et seq.) and the authorities for collecting and using your Social Security Number (SSN) are §§428B(f) and 484(a)(4) of the HEA (20 U.S.C. 1078-2(f) and 1091(a)(4)) and 31 U.S.C. 7701(b). Participating in the William D. Ford Federal Direct Loan (Direct Loan) Program and giving us your SSN are voluntary, but you must provide the requested information, including your SSN, to participate.

The principal purposes for collecting the information on this form, including your SSN, are to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan (such as a deferment, forbearance, discharge, or forgiveness) under the Direct Loan Program, to permit the servicing of your loan(s), and, if it becomes necessary, to locate you and to collect and report on your loan(s) if your loan(s) become delinquent or in default. We also use your SSN as an account identifier and to permit you to access your account information electronically.

The information in your file may be disclosed, on a case by case basis or under a computer matching program, to third parties as authorized under routine uses in the appropriate systems of records notices. The routine uses of this information include, but are not limited to, its disclosure to federal, state, or local agencies, to private parties such as relatives, present and former employers, business and personal associates, to consumer reporting agencies, to financial and educational institutions, and to guaranty agencies in order to verify your identity, to determine your eligibility to receive a loan or a benefit on a loan, to permit the servicing or collection of your loan(s), to enforce the terms of the loan(s), to investigate possible fraud and to verify compliance with federal student financial aid program regulations, or to locate you if you become delinquent in your loan payments or if you default. To provide default rate calculations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to state agencies. To provide financial aid history information, disclosures may be made to educational institutions. To assist program administrators with tracking refunds and cancellations, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal or state agencies. To provide a standardized method for educational institutions to efficiently submit student enrollment status, disclosures may be made to guaranty agencies or to financial and educational institutions. To counsel you in repayment efforts, disclosures may be made to guaranty agencies, to financial and educational institutions, or to federal, state, or local agencies.

In the event of litigation, we may send records to the Department of Justice, a court, adjudicative body, counsel, party, or witness if the disclosure is relevant and necessary to the litigation. If this information, either alone or with other information, indicates a potential violation of law, we may send it to the appropriate authority for action. We may send information to members of Congress if you ask them to help you with federal student aid questions. In circumstances involving employment complaints, grievances, or disciplinary actions, we may disclose relevant records to adjudicate or investigate the issues. If provided for by a collective bargaining agreement, we may disclose records to a labor organization recognized under 5 U.S.C. Chapter 71. Disclosures may be made to our contractors for the purpose of performing any programmatic function that requires disclosure of records. Before making any such

disclosure, we will require the contractor to maintain Privacy Act safeguards. Disclosures may also be made to qualified researchers under Privacy Act safeguards.

### FINANCIAL PRIVACY ACT NOTICE

Under the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401-3421), ED will have access to financial records in your student loan file maintained in compliance with the administration of the Direct Loan Program.

### PAPERWORK REDUCTION NOTICE

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a currently valid OMB control number. The valid OMB control number for this information collection is 1845-0068. The time required to complete this information collection is estimated to average 0.5 hours (30 minutes) per response, including the time to review instructions, search existing data sources, gather and maintain the data needed, and complete and review the information. If you have any comments concerning the accuracy of the time estimate(s) or suggestions for improving the form, please write to: U.S. Department of Education, Washington, DC 20202-4537. If you have any comments or concerns regarding the status of your individual submission of this form, write directly to:

U.S. Department of Education
Common Origination and Disbursement School Relations Center
Attn: Applicant Services
PO Box 9002
Niagara Falls, NY 14302

## William D. Ford Federal Direct Loan Program
## Direct PLUS Loan Borrower's Rights and Responsibilities Statement

*Important Notice: This Borrower's Rights and Responsibilities Statement provides additional information about the terms and conditions of the loans you receive under the accompanying Federal Direct Loan (Direct PLUS Loan) Application and Master Promissory Note (MPN). Please keep this Borrower's Rights and Responsibilities Statement for your records. You may request another copy of this Borrower's Rights and Responsibilities Statement at any time by contacting your servicer.*

*Throughout this Borrower's Rights and Responsibilities Statement, the words "we," "us," and "our" refer to the U.S. Department of Education. The word "loan" refers to one or more loans made under the Direct PLUS Loan MPN.*

*Note to Endorser: An endorser is someone who agrees to repay a Direct PLUS Loan if the borrower does not repay the loan. If you are the endorser of a Direct PLUS Loan, you are not entitled to all of the same benefits as a Direct PLUS Loan borrower, and not all of the terms and conditions of a Direct PLUS Loan apply to you. However, you should read the entire Borrower's Rights and Responsibilities Statement. We have highlighted important information that applies to you as an endorser.*

**1.  The William D. Ford Federal Direct Loan Program.** The William D. Ford Federal Direct Loan (Direct Loan) Program includes the following types of loans, known collectively as "Direct Loans":

- Federal Direct Stafford/Ford Loans (Direct Subsidized Loans)
- Federal Direct Unsubsidized Stafford/Ford Loans (Direct Unsubsidized Loans)
- Federal Direct PLUS Loans (Direct PLUS Loans)
- Federal Direct Consolidation Loans (Direct Consolidation Loans)

The Direct Loan Program is authorized by Title IV, Part D, of the Higher Education Act of 1965, as amended, 20 U.S.C. 1070 et seq (HEA).

Direct Loans are made by the U.S. Department of Education. We contract with servicers to service, answer questions about, and process payments on Direct Loans. We will provide you with the address and telephone number of your servicer after the school notifies us that the first disbursement of your loan has been made.

**2.  Laws that apply to this MPN.** The terms and conditions of loans made under the MPN are determined by the HEA and other applicable federal laws and regulations. These laws and regulations are referred to as "the Act" throughout this Borrower's Rights and Responsibilities Statement. State law, unless it is preempted by federal law, may provide you with certain rights, remedies, and defenses in addition to those stated in the MPN and this Borrower's Rights and Responsibilities Statement.

NOTE: Any change to the Act applies to loans in accordance with the effective date of the change.

**3.  Direct PLUS Loans.** Direct PLUS Loans are loans made to graduate or professional students or to parents of dependent undergraduate students to help pay for the cost of education beyond high school.  To be eligible for a Direct PLUS Loan:

- You must be a graduate or professional student or the biological or adoptive parent of the dependent undergraduate student for whom you are borrowing.  If you are the spouse of the dependent undergraduate student's parent, you may borrow a Direct PLUS Loan if your income and assets were reported on the Free Application for Federal Student Aid (FAFSA), or would be reported if a FAFSA were filed.

- You, and if you are a parent borrower your child, must be a U.S. citizen or national, a permanent resident of the United States, or an otherwise eligible non-citizen.

- You, and if you are a parent borrower your child, must not be in default on a federal education loan or owe an overpayment on a federal education grant, and must not have been convicted of, or pled nolo contendere (no contest) or guilty to, a crime involving fraud in obtaining funds under the Act.

- You must not have an adverse credit history (unless you meet certain other requirements – see below).

- You; or if you are a parent borrower your child, must be enrolled at least half time at a school that participates in the Direct PLUS Loan Program.

We will check your credit history each time you request a Direct PLUS Loan.  If you have an adverse credit history, you may not borrow a Direct PLUS Loan unless you (1) document to our satisfaction that there are extenuating circumstances related to the adverse credit history, or (2) obtain an endorser who does not have an adverse credit history.  An endorser is someone who agrees to repay the Direct PLUS Loan if you do not do so.  If you are a parent borrower, the endorser of a Direct PLUS Loan may not be the student for whom you are borrowing the loan.

If you are a graduate or professional student, you must complete a Free Application for Federal Student Aid (FAFSA) and your school must determine your eligibility for the maximum annual Direct Subsidized Loan and Direct Unsubsidized Loan amounts before you apply for a Direct PLUS Loan.

If you have questions about your eligibility for a Direct PLUS Loan, contact the financial aid office at the school you or, if you are a parent borrower, the student attend or are planning to attend.

**4.  About the MPN.** You may receive more than one loan under this MPN over a period of up to 10 years to pay for your educational costs (if you are a graduate or professional student borrower) or for the educational costs of the student identified in Section C of the MPN (if you are a parent borrower), as long as the school is authorized to use the multi-year feature of the MPN and chooses to do so.

*Page 5 of 10*

If the school is not authorized to use the multi-year feature of the MPN or chooses not to do so, or if you do not want to receive more than one loan under this MPN, you must sign a new MPN for each loan that you receive.  If you do not want to receive more than one loan under this MPN, you must notify the school or your servicer in writing.

If we determine that you have an adverse credit history and you obtain an endorser (see Item 3, "Direct PLUS Loans"), you may receive only one loan under this MPN.  If you later want to receive another Direct PLUS Loan, you must sign a new MPN.  If you receive a loan under this MPN without an endorser, but are later determined to have an adverse credit history and obtain an endorser for a future Direct PLUS Loan, you will have to sign a new MPN for that loan.

**5.  Direct PLUS Loans and eligibility for other financial aid.** If you borrow a Direct PLUS Loan, this may affect your eligibility for other financial aid.  Therefore, we suggest that you contact the school's financial aid office to determine eligibility for grants, work-study funds, or other forms of federal, state and private student aid that do not have to be repaid before you apply for a Direct PLUS Loan.

**6.  Use of your loan money.** You may use the loan money you receive only to pay for your authorized educational expenses or, if you are a parent borrower, for the student's authorized educational expenses for attendance at the school that determined you were eligible to receive the loan. Authorized expenses include the following:

- Tuition
- Room
- Board
- Institutional fees
- Books
- Supplies
- Equipment
- Dependent child care expenses
- Transportation
- Commuting expenses
- Rental or purchase of a personal computer
- Loan fees
- Other documented, authorized costs

**7.  Information you must report to us after you receive your loan.** You must notify your servicer and/or the financial aid office at the school about certain changes.

Until you or (if you are a parent borrower) the student graduate or otherwise leave school, you must notify the school's financial aid office if:

- You change your address or telephone number;
- You change your name (for example, maiden name to married name);
- You or (if you are a parent borrower) the student –
  - Do not enroll at least half time for the loan period certified by the school, or
  - Do not enroll at the school that determined you were eligible to receive the loan;

## William D. Ford Federal Direct Loan Program
### Direct PLUS Loan Borrower's Rights and Responsibilities Statement

- You or (if you are a parent borrower) the student stop attending school or drop below half-time enrollment;
- You or (if you are a parent borrower) the student transfer from one school to another school; or
- You or (if you are a parent borrower) the student graduate.

You must also notify your servicer if any of the above events occur at any time after you receive your loan. In addition, you must notify your servicer if you:

- Change your employer, or your employer's address or telephone number changes; or
- Have any other change in status that would affect your loan (for example, if you receive a deferment while you are unemployed, but you find a job and therefore no longer meet the eligibility requirements for the deferment).

> **Note to Endorser:** You must notify your servicer if you change your address, telephone number, name, or employer, or if your employer's address or telephone number changes.

**8. Amount you may borrow.** For each academic year, you may borrow up to – but not more than – the amount of your estimated cost of attendance (if you are a graduate or professional student borrower) or the student's estimated cost of attendance (if you are a parent borrower), minus the amount of any other financial aid received for that academic year. The school determines the cost of attendance using federal guidelines. It is important not to borrow more than you can afford to repay, even if you are eligible to borrow more.

**9. Interest rate.** The interest rate on a Direct PLUS Loan is a fixed rate of 7.9%. If you qualify under the Servicemembers Civil Relief Act, the interest rate on your loans obtained prior to military service may be limited to 6% during your military service. To receive this benefit, you must contact your servicer for information about the documentation you must provide to show that you qualify.

> **Note to Endorser:** You are eligible for the reduced interest rate described above based on the borrower's military service or your own military service, but only for a Direct PLUS Loan for which you signed an Endorser Addendum prior to the earlier of the beginning date of the borrower's military service or the beginning date of your military service.

**10. Payment of interest.** Except as provided below for borrowers who serve in the military, interest accrues on each Direct PLUS Loan that you receive from the date the loan is first disbursed until it is repaid in full, including during periods of deferment or forbearance. If you do not pay the interest as it accrues (for example, during an in-school deferment), we will add it to the unpaid principal amount of your loan. This is called "capitalization." Capitalization increases the unpaid principal balance of your loan, and interest then accrues on the increased principal

amount. We capitalize unpaid interest when you resume repayment after periods of deferment or forbearance. We may also capitalize unpaid interest that has accrued since the first disbursement of your loan when you enter repayment for the first time.

Under the no accrual of interest benefit for active duty service members, we do not charge interest on Direct Loan Program Loans first disbursed on or after October 1, 2008 during periods of qualifying active duty military service (for up to 60 months).

The chart that follows shows the difference in the total amount you would repay on a $15,000 Direct PLUS Loan if you pay the interest as it is charged during a 12-month deferment or forbearance period, compared to the amount you would repay if you do not pay the interest and it is capitalized. In this example, you would pay $15 less per month and $1,718 less altogether if you pay the interest as it is charged during a 12-month deferment or forbearance period.

| | If you pay the interest as it is charged... | If you do not pay the interest and it is capitalized... |
|---|---|---|
| Loan Amount | $15,000 | $15,000 |
| Capitalized Interest for 12 Months (at the rate of 7.9%) | $0 | $1,185 |
| Principal to be Repaid | $15,000 | $16,185 |
| Monthly Payment (Standard Repayment Plan) | $181 | $196 |
| Number of Payments | 120 | 120 |
| Total Amount Repaid | $21,744 | $23,462 |

You may be able to claim a federal income tax deduction for interest payments you make on Direct Loans. For further information, refer to IRS Publication 970, which is available at http://www.irs.ustreas.gov.

**11. Loan fee.** We charge a loan fee of 4% of the principal amount of each loan you receive. This fee will be subtracted proportionately from each disbursement of your loan. The loan fee will be shown on a disclosure statement that we send to you.

**12. Repayment incentive programs.** A repayment incentive is a benefit that we offer to encourage you to repay your loan on time. Under a repayment incentive program, the interest rate we charge on your loan may be reduced. Some repayment incentive programs require you to make a certain number of payments on time to keep the reduced interest rate. The two repayment incentive programs described below may be available to you. Your servicer can provide you with more information on other

repayment incentive programs that may be available.

**(1) Interest Rate Reduction for Automatic Withdrawal of Payments**

Under the automatic withdrawal option, your bank automatically deducts your monthly loan payment from your checking or savings account and sends it to us. Automatic withdrawal helps to ensure that your payments are made on time. In addition, you receive a 0.25% interest rate reduction while you repay under the automatic withdrawal option. We will include information about the automatic withdrawal option in your first bill. You can also get the information on your servicer's web site, or by calling your servicer. Your servicer's web site address and toll-free telephone number are provided on all correspondence that your servicer sends you.

**(2) Up-Front Interest Rebate**

You may receive an up-front interest rebate on your Direct PLUS Loan. The rebate is equal to a percentage of the loan amount that you borrow. This is the same amount that would result if the interest rate on your loan were lowered by a specific percentage, but you receive the rebate up front. The correspondence that you receive about your loan will tell you if you received an up-front interest rebate.

To keep an up-front interest rebate that you receive on your loan, you must make all of your first 12 required monthly payments on time when your loan enters repayment. "On time" means that we must receive each payment no later than 6 days after the due date.

You will lose the rebate if you do not make all of your first 12 required monthly payments on time. If you lose the rebate, we will add the rebate amount back to the principal balance on your loan account. This will increase the amount that you must repay.

**13. Disbursement** (how your loan money will be paid out). Generally, the school will disburse (pay out) your loan money in more than one installment, usually at the beginning of each academic term (for example, at the beginning of each semester or quarter). If the school does not use academic terms or does not have academic terms that meet certain requirements, it will generally disburse your loan in at least two installments, one at the beginning of the period of study for which you are receiving the loan, and one at the midpoint of that period of study.

The school may disburse some or all of your loan money by crediting it to your account at the school (if you are a graduate or professional student borrower) or to the student's account at the school (if you are a parent borrower), or may give it to you directly by check or other means. Your servicer will notify you in writing each time the school disburses part of your loan money.

If you are a graduate or professional student and have not previously received a Direct PLUS Loan or a Federal PLUS Loan under the Federal Family Education Loan (FFEL) Program, you must

## William D. Ford Federal Direct Loan Program
### Direct PLUS Loan Borrower's Rights and Responsibilities Statement

receive entrance counseling before your school can make the first disbursement of your loan.

If the school credits your loan money to your or the student's account and the amount credited is more than the amount of the tuition and fees, room and board, and other authorized charges, the excess amount is called a credit balance.

Unless you authorize the school to hold the credit balance for you, the school must pay you the credit balance within the following timeframes:

- If the credit balance occurs after the first day of class of a payment period (the school can tell you this date), the school must pay you the credit balance no later than 14 days after the date the balance occurs.
- If the credit balance occurs on or before the first day of class of a payment period, the school must pay you the credit balance no later than 14 days after the first day of class of the payment period.

If you are a parent borrower, you may authorize the school to pay the credit balance to the student.

14. Canceling your loan. Before your loan money is disbursed, you may cancel all or part of your loan at any time by notifying the school. After your loan money is disbursed, there are two ways to cancel all or part of your loan:

- If the school obtains your written confirmation of the types and amounts of Title IV loans that you want to receive for an award year before crediting loan money to your or the student's account at the school, you may tell the school that you want to cancel all or part of that loan within 14 days after the date the school notifies you of your right to cancel all or part of the loan, or by the first day of the school's payment period, whichever is later (the school can tell you the first day of the payment period). If the school does not obtain your written confirmation of the types and amounts of loans you want to receive before crediting the loan money to your or the student's account, you may cancel all or part of that loan by informing the school within 30 days of the date the school notifies you of your right to cancel all or part of the loan. In either case, the school will return the cancelled loan amount to us.

If you ask the school to cancel all or part of your loan outside the timeframes described above, the school may process your cancellation request, but it is not required to do so.

- Within 120 days of the date the school disburses your loan money (by crediting the loan money to your or the student's account at the school, by paying it directly to you, or both), you may return all or part of your loan to us. Contact your servicer for guidance on how and where to return your loan money.

You do not have to pay interest or the loan fee on the part of your loan that is cancelled or returned within the timeframes described above, and if you received an up-front interest rebate, the rebate

does not apply. Your loan will be adjusted to eliminate any interest, loan fee, and rebate amount that applies to the amount of the loan that is cancelled or returned.

15. Repaying your loan. The repayment period for each Direct PLUS Loan made under this MPN begins on the date of the final disbursement for that loan. This means that the repayment period for each loan you receive under this MPN will begin on a different date. Unless you receive a deferment or forbearance (see Item 21), your first payment on each loan will be due within 60 days of the final disbursement of that loan. Your servicer will notify you of the date your first payment is due.

You must make payments on your loan even if you do not receive a bill or repayment notice.

Unless otherwise restricted by loan type, you must repay all of your Direct Loans under the same repayment plan. You may choose one of the following repayment plans to repay your Direct PLUS Loan:

- Standard Repayment Plan – Under this plan, you will make fixed monthly payments and repay your loan in full within 10 years (not including periods of deferment or forbearance) from the date the loan entered repayment. Your payments must be at least $50 a month ($600 a year) and will be more, if necessary, to repay the loan within the required time period.

- Graduated Repayment Plan – Under this plan, you will usually make lower payments at first, and your payments will gradually increase over time. You will repay your loan in full within 10 years (not including periods of deferment or forbearance) from the date the loan entered repayment. No single payment will be more than three times greater than any other payment.

- Extended Repayment Plan – Under this plan, you will repay your loan in full over a period not to exceed 25 years (not including periods of deferment or forbearance) from the date the loan entered repayment. You may choose to make fixed monthly payments or graduated monthly payments that start out lower and gradually increase over time. Your payments must be at least $50 a month ($600 a year) and will be more, if necessary, to repay the loan within the required time period. You are eligible for this repayment plan only if (1) you had no outstanding balance on a Direct Loan Program loan as of October 7, 1998 or on the date you obtained a Direct Loan Program loan after October 7, 1998, and (2) you have an outstanding balance on Direct Loan Program loans that exceeds $30,000.

The chart at the end of this Borrower's Rights and Responsibilities Statement ("Repaying Your Loans") allows you to estimate the monthly and total amounts you would repay under the Standard, Graduated, and Extended Repayment Plans for various initial loan amounts.

The following additional repayment plans are available to graduate and professional student Direct PLUS Loan borrowers (parent Direct PLUS Loan borrowers may not repay their loans under these plans):

- Income Contingent Repayment (ICR) Plan – Under this plan, your monthly payment amount will be based on your annual income (and that of your spouse if you are married), your family size, and the total amount of your Direct Loans. Until we obtain the information needed to calculate your monthly payment amount, your payment will equal the amount of interest that has accrued on your loan unless you request forbearance. As your income changes, your payments may change. If you do not repay your loan after 25 years under this plan, the unpaid portion will be forgiven. You may have to pay income tax on any amount forgiven. An ICR Plan calculator is available at www.direct.ed.gov. The calculator estimates your initial ICR Plan payment amount and the total amount you would repay under the ICR Plan. The calculator is for informational purposes only. Your servicer will make the official determination of your payment amount.

- Income-Based Repayment (IBR) Plan – Under this plan, your required monthly payment amount will be based on your income during any period when you have a partial financial hardship. Your monthly payment amount may be adjusted annually. The maximum repayment period under this plan may exceed 10 years. If your loan is not repaid in full after you have made the equivalent of 25 years of qualifying monthly payments and at least 25 years have elapsed, you may qualify for cancellation of any outstanding balance on your loans. To initially qualify for this plan and to continue to make income-based payments, you must have a partial financial hardship. An IBR Plan calculator is available at www.direct.ed.gov. The calculator evaluates your eligibility for the IBR Plan and estimates your initial IBR Plan payment amount. The calculator is for informational purposes only. Your servicer will make the official determination of your eligibility and payment amount

If you are a graduate or professional student, these repayment plans will be explained in more detail during your exit counseling session.

Under each plan, the number or amount of payments may need to be adjusted to reflect capitalized interest and/or new loans made to you.

If you can show to our satisfaction that the terms and conditions of the above repayment plans are not adequate to meet your exceptional circumstances, we may provide you with an alternative repayment plan.

If you do not choose a repayment plan, we will place you on the Standard Repayment Plan.

## William D. Ford Federal Direct Loan Program
## Direct PLUS Loan Borrower's Rights and Responsibilities Statement

You may change repayment plans at any time after you have begun repaying your loan. However, you may not change to a different repayment plan that has a maximum repayment period of less than the number of years your loan has already been in repayment, except that you may change to the ICR Plan or the IBR Plan at any time. If you wish to leave the IBR Plan, you must repay under the Standard Repayment Plan. There is no penalty if you make loan payments before they are due, or pay more than the amount due each month.

> **Note to Endorser:** If you are making payments on the borrower's Direct PLUS Loan, you may request a change of repayment plans by contacting your servicer.

Except for payments made under the IBR Plan, we apply your payments and prepayments in the following order: (1) late charges and collection costs, (2) outstanding interest, and (3) outstanding principal. For payments made under the IBR Plan, we apply your payments in the following order: (1) outstanding interest, (2) late charges and collection costs, and (3) outstanding principal.

When you have repaid a loan in full, your servicer will send you a notice telling you that you have paid off your loan. You should keep this notice in a safe place.

**16. Transfer of loan.** ED may transfer one or all of your loans to another servicer without your consent. If the address to which you must send payments or direct communications changes, you will be notified of the new servicer's name, address and telephone number, the effective date of the transfer, and the date when you must begin sending payments or directing communications to that servicer. Transfer of a loan to a different servicer does not affect your rights and responsibilities under that loan.

**17. Late charges and collection costs.** If you do not make any part of a payment within 30 days after it is due, we may require you to pay a late charge. This charge will not be more than six cents for each dollar of each late payment. If you do not make payments as scheduled, we may also require you to pay other charges and fees involved in collecting your loan.

**18. Demand for immediate repayment.** The entire unpaid amount of your loan becomes due and payable (this is called "acceleration") if you:

- Receive loan money, but you or the student for whom you obtained the loan do not enroll at least half time at the school that determined you were eligible to receive the loan;
- Use your loan money to pay for anything other than expenses related to your or the student's education at the school that determined you were eligible to receive the loan;
- Make a false statement that causes you to receive a loan that you are not eligible to receive; or
- Default on your loan.

**19. Defaulting on your loan.** Default (failing to repay your loan) is defined in detail in the Terms and Conditions section of your MPN. If you default:

- We will require you to immediately repay the entire unpaid amount of your loan.
- We may sue you, take all or part of your federal tax refund or other federal payments, and/or garnish your wages so that your employer is required to send us part of your salary to pay off your loan.
- We will require you to pay reasonable collection fees and costs, plus court costs and attorney fees.
- You will lose eligibility for other federal student aid and assistance under most federal benefit programs.
- You will lose eligibility for loan deferments.

> **Note to Endorser:** If the borrower defaults on the loan, and you do not make payments on the loan, you may also be subject to the actions described above.

- We will also report your default to national consumer reporting agencies (see item 20, "Consumer reporting agency notification").

**20. Consumer reporting agency notification.** We will report information about your loan to national consumer reporting agencies on a regular basis. This information will include the disbursement dates, amount, and repayment status of your loan (for example, whether you are current or delinquent in making payments). Your loan will be identified as an education loan.

If you default on a loan, we will also report this to national consumer reporting agencies. We will notify you at least 30 days in advance that we plan to report default information to a consumer reporting agency unless you resume making payments on the loan within 30 days of the date of the notice. You will be given a chance to ask for a review of the debt before we report it.

If a consumer reporting agency contacts us regarding objections you have raised about the accuracy or completeness of any information we have reported, we are required to provide the agency with a prompt response.

> **Note to Endorser:** If the borrower of a Direct PLUS Loan becomes delinquent in making payments or defaults on the loan, we may also report your name to consumer reporting agencies in connection with the delinquent or defaulted loan.

**21. Deferment and forbearance (postponing payments).** If you meet certain requirements, you may receive a deferment that allows you to temporarily stop making payments on your loan. If you cannot make your scheduled loan payments, but do not qualify for a deferment, we may give you a forbearance. A forbearance allows you to temporarily stop making payments on your loan, temporarily make smaller payments, or extend the time for making payments.

**Deferment**

You may receive a deferment:

- While you are enrolled at least half time at an eligible school;
- During the 6-month period after you cease to be enrolled at least half time;
- While the student for whom you obtained a Direct PLUS Loan is enrolled at least half time at an eligible school;
- During the 6-month period after the student for whom you obtained a Direct PLUS Loan ceases to be enrolled at least half time;
- While you are in a full-time course of study in a graduate fellowship program;
- While you are in an approved full-time rehabilitation program for individuals with disabilities;
- While you are unemployed (for a maximum of three years; you must be diligently seeking, but unable to find, full-time employment);
- While you are experiencing an economic hardship (including Peace Corps service), as determined under the Act (for a maximum of three years);
- While you are serving on active duty during a war or other military operation or national emergency or performing qualifying National Guard duty during a war or other military operation or national emergency and, if you were serving on or after October 1, 2007, for an additional 180-day period following the demobilization date for your qualifying service; or
- If you are a member of the National Guard or other reserve component of the U.S. Armed Forces (current or retired) and you are called or ordered to active duty while you are enrolled at least half time at an eligible school or within 6 months of having been enrolled at least half time, during the 13 months following the conclusion of your active duty service, or until you return to enrolled student status on at least a half-time basis, whichever is earlier.

You may be eligible to receive additional deferments if, at the time you received your first Direct Loan, you had an outstanding balance on a loan made under the FFEL Program before July 1, 1993. If you meet this requirement, contact your servicer for information about additional deferments that may be available.

You may receive a deferment while you are enrolled in school on at least a half-time basis (and, if you are a graduate or professional student, during the 6-month period after you cease to be enrolled at least half time) if (1) you submit a deferment request form to your servicer along with documentation of your eligibility for the deferment, or (2) your servicer receives information from the school you are attending that indicates you are enrolled at least half time. If your servicer processes a deferment based on information received from your school, you will be notified of the deferment and will have the option of canceling the deferment and continuing to make payments on your loan.

For all other deferments, you (or, for a deferment based on active military duty or qualifying National Guard duty during a war or other military operation

## William D. Ford Federal Direct Loan Program
### Direct PLUS Loan Borrower's Rights and Responsibilities Statement

or national emergency, your representative) must submit a deferment request form to your servicer, along with documentation of your eligibility for the deferment. In certain circumstances, you may not be required to provide documentation of your eligibility if your servicer confirms that you have been granted the same deferment for the same time period on a FFEL Program loan. Your servicer can provide you with a deferment request form that explains the eligibility and documentation requirements for the type of deferment you are requesting. You may also obtain deferment request forms and information on deferment eligibility requirements from your servicer's web site.

If you are in default on your loan, you are not eligible for a deferment.

You are responsible for paying the interest on a Direct PLUS Loan during a period of deferment.

> Note to Endorser: You are not eligible to receive a deferment.

### Forbearance

We may give you a forbearance if you are temporarily unable to make your scheduled loan payments for reasons including, but not limited to, financial hardship and illness.

We will give you a forbearance if:

- You are serving in a medical or dental internship or residency program, and you meet specific requirements;
- The total amount you owe each month for all of the student loans you received under Title IV of the Act is 20% or more of your total monthly gross income (for a maximum of three years);
- You are serving in a national service position for which you receive a national service award under the National and Community Service Trust Act of 1993. In some cases, the interest that accrues on a qualified loan during the service period will be paid by the Corporation for National and Community Service;
- You qualify for partial repayment of your loans under the Student Loan Repayment Program, as administered by the Department of Defense; or
- You are called to active duty in the U.S. Armed Forces.

To request a forbearance, contact your servicer. Your servicer can provide you with a forbearance request form that explains the eligibility and documentation requirements for the type of forbearance you are requesting. You may also obtain forbearance request forms and information on forbearance eligibility requirements from your servicer's web site.

Under certain circumstances, we may also give you a forbearance without requiring you to submit a request or documentation. These circumstances include, but are not limited to, the following:

- Periods necessary for us to determine your eligibility for a loan discharge;

- A period of up to 60 days in order for us to collect and process documentation related to your request for a deferment, forbearance, change in repayment plan, or consolidation loan (we do not capitalize the interest that is charged during this period);
- Periods when you are involved in a military mobilization, or a local or national emergency; or
- Periods necessary to align repayment of Direct PLUS Loans that do not qualify for a 6-month post-enrollment deferment with other Direct PLUS Loans that qualify for this deferment, or with Direct Subsidized Loans and Direct Unsubsidized Loans that have a grace period. Contact your servicer for more information.

You are responsible for paying the interest on a Direct PLUS Loan during a period of forbearance.

> Note to Endorser: Although you are not eligible to receive a deferment, you may receive a forbearance.

22. Discharge (having your loan forgiven). We will discharge (forgive) your loan if:

- You die, or the student for whom you borrowed a Direct PLUS Loan dies. Your servicer must receive acceptable documentation of your or the student's death.
- Your loan is discharged in bankruptcy. However, federal student loans are not automatically discharged if you file for bankruptcy. In order to have your loan discharged in bankruptcy, you must prove to the bankruptcy court that repaying the loan would cause undue hardship.
- You become totally and permanently disabled (as defined in the Act) and meet certain other requirements.

In certain cases, we may also discharge all or a portion of your loan if:

- You (or the student) could not complete a program of study because the school closed;
- Your loan eligibility was falsely certified by the school;
- A loan in your name was falsely certified as a result of a crime of identity theft; or
- The school did not pay a refund of your loan money that it was required to pay under federal regulations.

A public service loan forgiveness program is also available. Under this program, the remaining balance due on your eligible Direct Loan Program loans may be canceled after you have made 120 payments on those loans (after October 1, 2007) under certain repayment plans while you are employed in certain public service jobs.

The Act may provide for certain loan forgiveness or repayment benefits on your loans in addition to the benefits described above. If other forgiveness or repayment options become available, your servicer will provide information about these benefits.

To request loan discharge or forgiveness based on one of the conditions described above (except

for discharge due to death or bankruptcy), you must complete an application that you may obtain from your servicer.

In some cases you may assert, as a defense against collection of your loan, that the school did something wrong or failed to do something that it should have done. You can make such a defense against repayment only if the school's act or omission directly relates to your loan or to the educational services that the loan was intended to pay for, and if what the school did or did not do would give rise to a legal cause of action against the school under applicable state law. If you believe that you have a defense against repayment of your loan, contact your servicer.

We do not guarantee the quality of the academic programs provided by schools that participate in federal student financial aid programs. You must repay your loan even if you or (if you are a parent borrower) the student do not complete the education paid for with the loan, are unable to obtain employment in the field of study for which the school provided training, or are dissatisfied with, or do not receive, the education paid for with the loan

> Note to Endorser: If we discharge the full amount of the borrower's loan for any of the conditions described above, you are no longer obligated to make any payments on the loan. However, if a loan is reinstated after a discharge, you will again be obligated to make payments on the loan if the borrower does not make payments.

23. Loan consolidation. A Direct Consolidation Loan Program is available that allows you to consolidate one or more of your eligible federal education loans into a new loan with a single monthly payment, and may allow you to extend the period of time that you have to repay your loans. This may make it easier for you to repay your loans. However, you will pay more interest if you extend your repayment period through consolidation, since you will be making payments for a longer period of time. Contact your servicer for more information about loan consolidation.

> Note to Endorser: You are not eligible to apply for a Direct Consolidation Loan to repay a Direct PLUS Loan for which you are the endorser.

24. Department of Defense and other federal agency loan repayment. Under certain circumstances, military personnel may have their federal education loans repaid by the Secretary of Defense. This benefit is offered as part of a recruitment program that does not apply to individuals based on their previous military service or to those who are not eligible for enlistment in the U.S. Armed Forces. For more information, contact your local military service recruitment office.

Other agencies of the federal government may also offer student loan repayment programs as an incentive to recruit and retain employees. Contact the agency's human resources department for more information.

## William D. Ford Federal Direct Loan Program
## Direct PLUS Loan Borrower's Rights and Responsibilities Statement

### Repaying Your Loans[1]

| Initial Debt When You Enter Repayment | Standard | | Graduated | | Extended[3] | |
|---|---|---|---|---|---|---|
| | Per Month | Total | Per Month[2] | Total | Per Month | Total |
| $2,500 | 50 | 3,042 | 26 | 3,746 | Not Available | Not Available |
| $5,000 | 60 | 7,248 | 42 | 7,694 | Not Available | Not Available |
| $7,500 | 91 | 10,872 | 63 | 11,543 | Not Available | Not Available |
| $10,000 | 121 | 14,496 | 84 | 15,388 | Not Available | Not Available |
| $15,000 | 181 | 21,744 | 127 | 23,083 | Not Available | Not Available |
| $20,000 | 242 | 28,992 | 169 | 30,778 | Not Available | Not Available |
| $25,000 | 302 | 36,240 | 211 | 38,472 | Not Available | Not Available |
| $30,000 | 362 | 43,488 | 253 | 46,166 | Not Available | Not Available |
| $35,000 | 423 | 50,736 | 295 | 53,859 | 268 | 80,346 |
| $40,000 | 483 | 57,984 | 338 | 61,554 | 306 | 91,824 |
| $45,000 | 544 | 65,232 | 380 | 69,248 | 344 | 103,302 |
| $50,000 | 604 | 72,480 | 422 | 76,942 | 383 | 114,781 |
| $55,000 | 664 | 79,708 | 464 | 84,636 | 421 | 126,259 |
| $60,000 | 725 | 86,976 | 507 | 92,330 | 459 | 137,737 |
| $65,000 | 785 | 94,224 | 549 | 100,023 | 497 | 149,215 |
| $70,000 | 846 | 101,472 | 591 | 107,718 | 536 | 160,693 |
| $75,000 | 906 | 108,720 | 633 | 115,413 | 574 | 172,171 |
| $80,000 | 966 | 115,968 | 675 | 123,107 | 612 | 183,649 |
| $90,000 | 1,087 | 130,464 | 760 | 138,496 | 689 | 206,605 |
| $100,000 | 1,208 | 144,960 | 844 | 153,682 | 765 | 229,561 |
| $110,000 | 1,329 | 159,456 | 929 | 169,270 | 842 | 252,517 |
| $120,000 | 1,450 | 173,952 | 1,013 | 184,861 | 918 | 275,473 |
| $130,000 | 1,570 | 188,448 | 1,097 | 200,047 | 995 | 298,429 |
| $140,000 | 1,691 | 202,944 | 1,182 | 215,435 | 1,071 | 321,385 |
| $150,000 | 1,812 | 217,440 | 1,266 | 230,824 | 1,148 | 344,342 |

[1] These are estimated payments calculated using the interest rate for Direct PLUS Loan borrowers, 7.9%.

[2] This is your estimated beginning payment, which may increase.

[3] You may choose the Extended Repayment Plan only if (1) you had no outstanding balance on a Direct Loan Program loan as of October 7, 1998 or on the date you obtained a Direct Loan Program loan after October 7, 1998, and (2) you have an outstanding balance on Direct Loan Program loans that exceeds $30,000. Under the Extended Repayment Plan, you may choose to make fixed or graduated monthly payments. This example shows fixed monthly payments.

**TRANSACTION HISTORY**

| | |
|---|---|
| Your identity was confirmed by the PIN Web site on | April 26 2012, 10:28:17 AM |
| You agreed to use an electronic MPN on | April 26 2012, 10:32:29 AM |
| You reviewed your draft MPN and confirmed that you read, understood, and agreed to the Borrower Request, Certifications, Authorizations, and Understandings, Promise to Pay, MPN Terms and Conditions, Important Notices and Borrower's Rights and Responsibilities Statement on | April 26 2012, 10:36:51 AM |
| You signed your MPN on | April 26 2012, 10:37 07 AM |
| You reviewed your signed MPN on | April 26 2012, 10:37:08 AM |
| You confirmed your acceptance of the terms and conditions of this MPN and submitted it to us on | April 26 2012, 10 37:53 AM |

# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA**
## County of SAN DIEGO

Register of Actions Notice

| | | | |
|---|---|---|---|
| Case Number: | 37-2016-00040243-CU-CO-CTL | Filing Date: | 11/16/2016 |
| Case Title: | Petrou vs. Navient Corporation [IMAGED] | Case Age: | 51 days |
| Case Status: | Pending | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Randa Trapp |
| Case Type: | Contract - Other | Department: | C-70 |

**Future Events**

| Date | Time | Department | Event |
|---|---|---|---|
| 05/12/2017 | 09:50 AM | C-70 | Civil Case Management Conference - Complaint |

**Participants**

| Name | Role | Representation |
|---|---|---|
| Navient Corporation | Defendant | |
| Petrou, John G | Plaintiff | Hamilton, Ben-Thomas |
| Petrou, Selaina A | Defendant | |
| Sallie Mae Corporation | Defendant | |

**Representation**

| Name | Address | Phone Number |
|---|---|---|
| HAMILTON, BEN-THOMAS | HAMILTON & MCINNIS LLP 3110 Camino del Rio South Suite 203 San Diego CA 92108 | (619) 299-4877 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 11/16/2016 | Complaint filed by Petrou, John G. Refers to: Navient Corporation; Sallie Mae Corporation; Petrou, Selaina | Petrou, John G (Plaintiff) |
| 2 | 11/16/2016 | Original Summons filed by Petrou, John G. Refers to: Navient Corporation; Sallie Mae Corporation; Petrou, Selaina | Petrou, John G (Plaintiff) |
| 3 | 11/16/2016 | Civil Case Cover Sheet filed by Petrou, John G. Refers to: Navient Corporation; Sallie Mae Corporation; Petrou, Selaina | Petrou, John G (Plaintiff) |
| 4 | 11/16/2016 | Summons issued. | |
| 5 | 11/16/2016 | Case assigned to Judicial Officer Trapp, Randa. | |
| 6 | 11/16/2016 | Civil Case Management Conference scheduled for 05/12/2017 at 09:50:00 AM at Central in C-70 Randa Trapp. | |
| 7 | 11/16/2016 | Case initiation form printed. | |
| 8 | 11/16/2016 | Case initiation form printed. | |
| 9 | 12/15/2016 | Proof of Service of 30-day Summons & Complaint - Personal filed by Petrou, John G. Refers to: Navient Corporation | Petrou, John G (Plaintiff) |

# EXHIBIT C

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| BEN-THOMAS HAMILTON, ESQ. SBN: 222601<br>HAMILTON & MCINNIS, LLP<br>3110 CAMINO DEL RIO SOUTH<br>SUITE 203<br>SAN DIEGO, CA  92108<br>Telephone No: 619-299-4877 | | 2016 DEC 15 P 3: 00 |
| Attorney for: Plaintiff | Ref. No. or File No.:<br>Petr-134 | |

Insert name of Court, and Judicial District and Branch Court:

SAN DIEGO COUNTY SUPERIOR COURT, CENTRAL DIVISION

Plaintiff: JOHN G. PETROU, an individual

Defendant: NAVIENT CORPORATION, a Delaware corporation

| **PROOF OF SERVICE**<br>**SUMMONS & COMPLAINT** | Hearing Date:<br>05/17/17 | Time:<br>9:50 am | Dept/Div:<br>C-70 | Case Number:<br>37-2016-00040243-CU-CO-CTL |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ALTERNATIVE DISPUTE RESOLUTION
   (ADR) INFORMATION; STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (BLANK); NOTICE OF
   CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE; NOTICE OF ELIGIBILITY TO EFILE AND
   ASSIGNMENT TO IMAGING DEPARTMENT.

3. a. *Party served:*          NAVIENT CORPORATION, a Delaware corporation
   b. *Person served:*        BECKY DEGEORGE, CSC LAWYERS INCORPORATING SERVICE,
                              REGISTERED AGENT

4. *Address where the party was served:*    2710 GATEWAY OAKS DRIVE
                                            SUITE 150N
                                            SACRAMENTO, CA  95833

5. *I served the party:*
   a. **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
      process for the party (1) on: Wed., Dec. 07, 2016 (2) at: 11:00AM
6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:*  NAVIENT CORPORATION, a Delaware corporation
   Under CCP 416.10 (corporation)

7. *Person Who Served Papers:*                                  Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Michael  Morris
                                                          d.  *The Fee for Service was:*  $ 105.73

   1814 "I" Street
   Sacramento, CA 95814                                   e.  I am: (3)  registered California process server
   Telephone   (916) 444–5111                                *(i)*   Independent Contractor
   Fax         (916) 443–3111                                *(ii)*  *Registration No.:*   2012-33
   www.firstlegalnetwork.com                                 *(iii)* *County:*            Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Fri, Dec. 09, 2016

# EXHIBIT D

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NAVIENT CORPORATION, a Delaware corporation; SALLIE MAE
CORPORATION, a Delaware corporation; SELAINA A. PETROU an
individual; and DOES 1 through 50, inclusive,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

BUSINESS OFFICE
CENTRAL DIVISION

2016 NOV 16 PM 1:46

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
John G. Petrou, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
330 West Broadway
San Diego, California 92101
Central Division

**CASE NUMBER:**
*(Número del Caso):*
37-2016-00040243-CU-CO-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ben-Thomas Hamilton (SBN 222601)       (619) 299-4877       (619) 299-4787
Kristine E. Stcynske (SBN 306622)
HAMILTON & McINNIS, L.L.P.
3110 Camino del Rio South, Suite 203, San Diego, California 92108

DATE: **NOV 16 2016**                Clerk, by **K. O'Keefe**, Deputy
*(Fecha)*                          *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* navient corporation, a delaware corporation

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]
COPY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Ca Plus

Code of Civil Procedure §§ 412.20, 465

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ben-Thomas Hamilton (SBN 222601)<br>Kristine E. Stcynske (SBN 306622)<br>HAMILTON & McINNIS, L.L.P.<br>3110 Camino Del Rio South, Suite 203<br>San Diego, California 92108<br>TELEPHONE NO.: (619) 299-4877   FAX NO.: (619) 299-4787<br>ATTORNEY FOR *(Name):* John G. Petrou | FILED<br>THE BUSINESS OFFICE OF<br>CENTRAL DIVISION<br><br>2016 NOV 16 PM 1:46<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY. CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: Same as above
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Central Division

| CASE NAME: Petro v. Navient Corporation, et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2016-00040243-CU-CO-CTL |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [X] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Five
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 11/16/2016

Ben-Thomas Hamilton         ▶ _____
(TYPE OR PRINT NAME)             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>ᐸᑐ Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|---|





**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2016-00040243-CU-CO-CTL       CASE TITLE: Petrou vs. Navient Corporation [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

---

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:        Central | |

| |
|---|
| PLAINTIFF(S):  John G Petrou |
| DEFENDANT(S): Navient Corporation et.al. |
| SHORT TITLE:   PETROU VS. NAVIENT CORPORATION [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2016-00040243-CU-CO-CTL |
|---|---|

Judge: Randa Trapp                                                  Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)              ☐  Non-binding private arbitration

☐  Mediation (private)                         ☐  Binding private arbitration

☐  Voluntary settlement conference (private)   ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)               ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other *(specify e.g., private mini-trial, private judge, etc.):* _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

Name of Plaintiff                          Name of Defendant

Signature                                  Signature

Name of Plaintiff's Attorney               Name of Defendant's Attorney

Signature                                  Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 11/16/2016 _____          JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION** | Page: 1 |
|---|---|---|

3

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7070 |

| PLAINTIFF(S) / PETITIONER(S): John G Petrou |
|---|

| DEFENDANT(S) / RESPONDENT(S): Navient Corporation et.al. |
|---|

| PETROU VS. NAVIENT CORPORATION [IMAGED] | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** **and CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 37-2016-00040243-CU-CO-CTL |

## CASE ASSIGNMENT

Judge: Randa Trapp                                    Department: C-70

**COMPLAINT/PETITION FILED:** 11/16/2016

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/12/2017 | 09:50 am | C-70 | Randa Trapp |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See Local Rule 5.1.8

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 051414 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action.  My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

      On January 6, 2017, I served the following document(s) described as:

**DEFENDANT NAVIENT SOLUTIONS, INC. NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1367, AND 1446**

on the persons below as follows:

Ben-Thomas Hamilton, Esq.
Kristine E. Stcynske, Esq.
HAMILTON & McINNIS, LLP
3110 Camino Del Rio South,
Suite 203
San Diego, CA 92108-3880
Tel:  619.299.4877
Fax: 619.299.4787

*Attorney for Plaintiff*
*JOHN G. PETROU*

☒    **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

□    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

      Executed on January 6, 2017, at Los Angeles, California.

<table>
<tr><td>_____<br>Evelyn S. Duarte<br>(Type or print name)</td><td>_____<br>(Signature)</td></tr>
</table>

AKERMAN LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

{40387400;1}

**PROOF OF SERVICE**

1