UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN G. PETROU, an individual,<br><br>                               Plaintiff,<br><br>v.<br><br>NAVIENT CORPORATION, a Delaware corporation; SALLIE MAE CORPORATION, a Delaware corporation; SELAINA A. PETROU, an individual,<br><br>                               Defendants. | Case No.:  17-cv-0030-BTM-JLB<br><br>**ORDER REMANDING CASE** |

On January 6, 2017, Navient Solutions ("Defendant"), a defendant in a state court action originally filed in the Superior Court of California, County of San Diego, filed a Notice of Removal removing the action to this Court.  (Notice of Removal, ECF No. 1.)  The Court finds that Defendant's Notice of Removal fails to establish that this Court has subject matter jurisdiction over the removed action, and accordingly **REMANDS** the action to state court.

Defendant asserts that removal is proper on the basis of federal question jurisdiction.  (Notice of Removal at 2.)  It argues that Plaintiff's complaint rests on federal law, namely the Higher Education Act ("HEA"), 20 U.S.C. §§ 1070.  (Id. at 3.)

1     Subject to exceptions not applicable here, "[A]ny civil action brought in a

2  State court of which the district courts of the United States have original

3  jurisdiction, may be removed by the defendant or the defendants, to the district

4  court of the United States for the district and division embracing the place where

5  such action is pending."  28 U.S.C. § 1441(a).  The removal statute is strictly

6  construed against removal jurisdiction, and the removing defendant bears the

7  burden of establishing federal jurisdiction.  *California ex rel. Lockyer v. Dynegy,*

8  *Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

9     "Congress has given the lower federal courts jurisdiction to hear, originally

10  or by removal from a state court, only those cases in which a well-pleaded

11  complaint establishes either that federal law creates the cause of action or that

12  the plaintiff's right to relief necessarily depends on resolution of a substantial

13  question of federal law."  *Franchise Tax Bd. Of State of Calif. V. Constr. Laborers*

14  *Vacation Tr. for S. Calif.*, 463 U.S. 1, 27–28 (1983).  Whether a case "arises

15  under" federal law thus turns on the nature of the claims asserted in plaintiff's

16  complaint.  *See id.* at 10 ("For better or worse . . . a defendant may not remove a

17  case to federal court unless the plaintiff's complaint establishes that the case

18  'arises under' federal law").  "A federal defense, however, is 'inadequate to confer

19  federal jurisdiction.'"  *Dennis v. Hart*, 724 F.3d 1249, 1253 (9th Cir. 2013)

20  (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

21     Here, Defendant argues that federally owned and guaranteed student loans

22  are exclusively governed by the HEA and because "Plaintiff's claims relate to his

23  Federal Direct PLUS loan, they necessarily arise under federal law and are subject

24  to this Court's original jurisdiction."  (Notice of Removal at 3.)  However, Plaintiff

25  filed a complaint asserting only state law causes of action: (1) fraud; (2)

26  cancellation/rescission of the parent plus loan; (3) violation of the California Identity

27  Theft Act; (4) violation of the California Consumer Credit Reporting Agencies Act;

28  and (5) declarative relief.  (Notice of Removal, Ex. A.)  The complaint therefore

1    does not state a federal claim, nor do the asserted causes of action rest on federal

2    law.  While Plaintiff's state law claims may relate to federal law, Plaintiff's right to

3    relief does not necessarily depend on a substantial question of federal law.  *See*

4    *Merrell Dow Pharmaceuticals*, 478 U.S. at 807–808.  Moreover, the Ninth Circuit

5    has held that the HEA affords no private right of action.  *Parks Sch. of Business v.*

6    *Symington*, 51 F.3d 1480, 1485 (9th Cir. 1995).

7        Defendant further argues that the HEA and regulations issued by the

8    Department of Education completely preempt conflicting state law theories of

9    liability.  (Notice of Removal at 3.)  To the extent that Defendant is arguing that the

10   doctrine of complete preemption applies to the HEA, the Court is not persuaded.

11   To support a finding of complete preemption, the preemptive force of federal law

12   must be so "'extraordinary' that it converts state common law claims into claims

13   arising under federal law for purposes of jurisdiction."  *Holman v. Laulo-Rowe*

14   *Agency*, 994 F.2d 666, 668 (9th Cir. 1993) (citing *Caterpillar, Inc. v. Williams*, 482

15   U.S. 386, 393 (1987)).   The doctrine of complete preemption, however, is

16   extremely limited.  *Id.*  The United States Supreme Court has only recognized three

17   areas of complete preemption: (1) claims under the Labor Management Relations

18   Act ("LMRA"); (2) claims under the Employment Retirement and Insurance

19   Security Act ("ERISA"); and (3) certain Indian Land grant rights.  *See Ben. Nat'l*

20   *Bank v. Anderson*, 539 U.S. 1, 8 (2003).  The Ninth Circuit, along with its sister

21   circuits, have rejected the proposition that the HEA completely preempts state law

22   claims.  *Keams v. Tempe Technical Inst., Inc.*, 39 F.3d 222 (9th Cir. 1994) ("The

23   Higher Education Act has not be read . . . as occupying the field and leaving no

24   room for state law to operate."); *see also Armstrong v. Accrediting Council for*

25   *Educ.*, 168 F.3d 1362, 1639 (D.C. Cir. 1999); *see also Ammedie v. Sallie Mae,*

26   *Inc.*, No. 12-10012, 2012 WL 3100771, at *3 (11th Cir. July 31, 2012).

27       In the absence of complete preemption, Defendant's allegations are, at most,

28   a defense to Plaintiff's state law action.  However, the law is clear that a federal

1    defense, including the defense of preemption, does not confer federal question

2    jurisdiction.  *Dennis*, 724 F.3d at 1253; *see also Franchise Tax Bd. V. Constr.*

3    *Laborers Vacation Trust*, 463 U.S. 1, 13 (1983).   Thus, Defendant has failed to

4    establish this Court's subject matter jurisdiction over this action.  Therefore, the

5    Court **REMANDS** this action to the Superior Court of San Diego, County of San

6    Diego.

7            The parties' joint motions for extensions of time to file answers to Plaintiff's

8    Complaint are **DENIED** as moot.

9

10   **IT IS SO ORDERED.**

11   Dated: February 6, 2017

12   _____

13   Barry Ted Moskowitz, Chief Judge
     United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17-cv-0030-BTM-JLB